994 F.2d 843
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Gary Ray SULLIVAN, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 93-1356.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 7, 1993.
Filed: May 13, 1993.
 
 Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gary Ray Sullivan, Jr., appeals from the final judgment entered in the United States District Court[1] for the Southern District of Iowa denying his 28 U.S.C. § 2255 motion to vacate his sentence, and from the denial of his post-judgment motion. We affirm.
 
 
 2
 In August 1990, Sullivan pleaded guilty to the offense of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The district court enhanced Sullivan's sentence under 18 U.S.C. § 924(e) to the mandatory minimum fifteen years imprisonment because of his prior felony convictions. Sullivan's sentence was affirmed on appeal. United States v. Sullivan, 950 F.2d 726 (8th Cir. 1991) (per curiam) (Table).
 
 
 3
 Sullivan filed a pro se section 2255 motion challenging the sentence enhancement because his 1979 Missouri burglary conviction was committed when he was 17 years old and did not involve a weapon. He argued that, while he was a juvenile, Missouri tried him unlawfully as an adult. In addition, Sullivan claimed he was denied effective assistance of counsel at his federal sentencing in that his counsel failed to challenge the use of the 1979 burglary conviction on the basis of the unlawful transfer to adult status.
 
 
 4
 The government responded to the motion, arguing that, under Mo. Ann. Stat. § 211.021(1), 030(3) (Vernon 1992), Missouri defined adults as persons seventeen years of age or older. Furthermore, the fact of Sullivan's conviction, not his age, was relevant for consideration under section 924(e). Accordingly, the government argued, Sullivan had also failed to demonstrate his counsel was ineffective.
 
 
 5
 After Sullivan's appointed counsel conceded that the government's position was correct, the district court denied the section 2255 motion. Sullivan moved to vacate, reconsider, or amend the judgment. He argued that section 924(e) was ambiguous and that the district court should reconsider its judgment in light of 18 U.S.C. § 5031 (under federal law, juvenile is person under age 18). The district court summarily denied Sullivan's post-judgment motion. Sullivan timely appealed.
 
 
 6
 Sullivan argues that he was subjected to discriminatory enforcement of the Armed Career Criminal Act because his Missouri conviction would not have been considered a predicate offense had it been a federal conviction. Sullivan argues that section 924(e) is ambiguous, and the district court should have considered whether Congress contemplated certain offenses committed by seventeen-year-olds to be permissible predicate offenses.
 
 
 7
 Sullivan conceded in the district court that he was properly tried in 1979 as an adult under Missouri law and that his original arguments presented in his section 2255 motion were without merit. He does not challenge the district court's decision on those grounds, but only on the grounds raised in his post-judgment motion.
 
 
 8
 Sullivan has not stated an equal protection claim. Congress's decision to include certain convictions or acts of juvenile delinquency under section 924(e) bears a rational relationship to a legitimate governmental interest. No equal protection issue arises merely because the criminal statutes of a state and the federal government define the age of adulthood differently. Cf. United States v. Freeman, 808 F.2d 1290, 1293 (8th Cir.) (different ages for purposes of child pornography), cert. denied, 480 U.S. 922 (1987). Congress did not determine that age was relevant to deciding whether conduct warranted consideration under section 924(e), and the Constitution does not require such a determination. In addition, Sullivan's argument that he was denied due process because the statute is ambiguous is without merit. Thus, the district court did not abuse its discretion in denying the post-judgment motion.
 
 
 9
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Harold D. Vietor, Chief Judge, United States District Court for the Southern District of Iowa