# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 98-2572

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Dondi Holland, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  January 12, 1999
Filed:  October 29, 1999

_____

Before LOKEN,  HANSEN,  and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

HANSEN, Circuit Judge.

Dondi Holland pleaded guilty to a federal indictment charging him with two counts of possessing with the intent to distribute cocaine and crack cocaine.  At sentencing, the district court[1] determined that Holland, although then only age 22, was already a "career offender" under the United States Sentencing Guidelines, because he had two prior Missouri adult convictions for controlled substance offenses involving

_____

[1]Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

drug trafficking. The district court established that the appellant's sentencing range as a career offender was 188 to 235 months and, after granting the government's motion for a substantial assistance departure, sentenced Holland to 60 months' confinement. At sentencing, Holland objected to the presentence investigation report's (PSIR) proposed classification of him as a career offender, arguing that his April 29, 1994, Missouri state conviction was not countable as a predicate prior conviction for career offender purposes. The district court adopted the Guidelines applications contained in the PSIR and overruled Holland's objection, and it is from that ruling that Holland appeals. Absent his designation as a career offender, Holland's sentencing range would have been 57 to 71 months before any substantial assistance departure was awarded.

"We review de novo the district court's construction and interpretation of Chapter Four of the Guidelines, and we review for clear error the district court's application of Chapter Four to the facts." United States v. Jones, 87 F.3d 247, 248 (8th Cir.), cert. denied,. denied, 519 U.S. 956, 117 S. Ct. 374 (1996).

In order to be classified as a "career offender" under the career offender guideline, United States Sentencing Guidelines Manual § 4B1.1(1997), a defendant must have at least two prior adult felony convictions of either a crime of violence, or a controlled substance offense which involves drug trafficking (the manufacture, distribution, or dispensing of a controlled substance or possession of a controlled substance with the intent to do any of those things), and the sentences for those prior offenses must be separately countable for Sentencing Guidelines criminal history calculation purposes. USSG § 4B1.2(c).

Holland's disputed state court conviction occurred on April 29, 1994, when, at age 18, he pleaded guilty in Missouri state court to an adult charge of possession with intent to deliver/sell a controlled substance. The offense itself had occurred the previous October 23rd when Holland was age 17. After the plea of guilty, the state

2

trial court suspended the imposition of any sentence and placed Holland on probation for five years. Holland's other predicate drug trafficking conviction for career offender status (and about which no dispute exists) occurred when he pleaded guilty in Missouri state court to three felony counts of delivery of a controlled substance occurring on three separate days. For those offenses, he was sentenced to concurrent five year terms of imprisonment which were suspended, and he was placed on probation.

Holland's principal argument is that his April 29, 1994, conviction for possession with intent to deliver/sell a controlled substance for which the imposition of sentence was suspended by the state court (the "SIS conviction") should not be counted against him under the career offender guideline because no sentence was imposed by the state court. He relies on the language of USSG § 4A.1.2(d)(2)(B) and application note 7 to the cited section. His argument brings into focus a perceived tension between USSG § 4A1.2(a)(3) and § 4A1.2(d)(2)(B).

We begin the analysis by examining USSG § 4A1.2, which is titled "Definitions and Instructions for Computing Criminal History." Section 4A1.2(a)(3) provides that "[a] conviction for which the imposition or execution of sentence was initially suspended or stayed shall be counted as a prior sentence under § 4A1.1(c)." Sentences counted under § 4A1.1(c) receive one criminal history point and are therefore countable as a qualifying predicate conviction under the career offender guideline. See § 4B1.2(c). While § 4A1.2(a) is titled "Prior Sentence Defined," both § 4A1.2(a)(3) and (4) turn previous convictions for which no sentence has ever been imposed into "prior sentences." See §§ 4A1.2(a)(3), ante, and (4) ("where a defendant has been convicted of an offense, but not yet sentenced, such conviction shall be counted as if it constituted a prior sentence under § 4A1.1(c) . . ."). Hence, under § 4A1.2(a)(3), Holland's SIS conviction should be considered a "prior sentence," assessed one criminal history point, and be countable as a qualifying predicate conviction for the purposes of the career offender guideline.

3

Holland's contention is that § 4A1.2(d)(2)(B) precludes the use of his prior SIS conviction to support the career offender determination. Section 4A1.2(d) is titled "Offenses Committed Prior to Age Eighteen." Subsection 4A1.2(d)(2)(B) provides, "add 1 point under § 4A1.1(c) for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense." Holland's SIS conviction occurred on April 29, 1994, and his instant offense occurred on December 11, 1997, so Holland's SIS conviction falls within the five year time period. However, because the imposition of sentence was suspended by the state court, Holland argues that no sentence was imposed upon him, so no criminal history point can be assessed under § 4A1.2(d)(2)(B). In essence, his argument is that the "specific" provisions of § 4A1.2(d) dealing with offenses committed prior to age 18 trump the provisions of § 4A1.2(a) defining "prior sentence."

We respectfully disagree. We believe that the two subsections of § 4A1.2 should be read together, if possible, so that they can co-exist. In our view, the better construction would give effect to both subsections as follows. Holland's state SIS conviction is considered a "prior sentence" by the operation of § 4A1.2(a)(3), and is assessed one criminal history point despite the fact that imposition of sentence was suspended. If it is deemed a "prior sentence," then it also must be considered to have been constructively imposed for purposes of § 4A1.2(d), otherwise it could not be a "sentence." If the Guidelines can treat a bare conviction for which the defendant has not yet stood sentencing as itself a "prior sentence" receiving one criminal history point, see USSG § 4A1.2(a)(4), then we conclude that we do no violence to the Guidelines by holding that § 4A1.2(a)(3)'s directions to count a conviction for which the imposition of sentence has been suspended as a prior "sentence," necessarily incorporate a constructive imposition of the "prior sentence" for the purposes of calculating the defendant's criminal history score. Further we note that application note 1 to the career offender guideline, § 4B1.2, provides that for the purpose of the career offender guideline a "prior felony conviction means a prior adult . . . state conviction for an offense punishable by . . . imprisonment for a term exceeding one year . . . <u>regardless</u>

4

of the actual sentence imposed" (emphasis added). Incorporating the definition set forth in § 4A1.2(a)(3) into the language of § 4A1.2(d) clarifies that even where the imposition of sentence has been suspended, the conviction qualifies as a "sentence imposed within five years of the defendant's commencement of the instant offense," within the meaning of § 4A1.2(d).

We have studied § 4A1.2(d) and conclude that the provisions of subsection (2) are primarily concerned with making sure that a nationwide uniform standard of a five year time frame is applied to those cases involving offenses committed prior to age 18 where the defendant received less than a 13-month sentence to imprisonment as opposed to whether or not a sentence was actually imposed. We note that under either § 4A1.2(a)(3) or § 4A1.2(d)(2)(B), only one criminal history point is assessed.[2]

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT

---

[2]While certainly not binding on either this court or the district court, we note that the addendum to the presentence investigation report reveals that the author of the report sought the guidance of the Sentencing Commission on this issue and was told that the appellant's SIS conviction had been properly scored.

5