# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3293

_____

United States of America,            *
                                       *
           Appellee,          *
                                         *    Appeal from the United States
      v.                           *    District Court for the
                                         *    Western District of Missouri.
Gary Dewayne Shipman,       *
                                       *        [UNPUBLISHED]
           Appellant.        *

_____

Submitted: September 7, 2000
Filed: September 14, 2000

_____

Before BEAM, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Gary DeWayne Shipman appeals from the final judgment entered in the district court[1] after he pleaded guilty to a drug-conspiracy charge. The district court sentenced him to 121 months imprisonment and five years supervised release. For reversal, he argues the suspended imposition of sentence (SIS) he received from a Missouri municipal court in 1996 for driving under the influence was not a "prior sentence" countable toward his criminal-history score. He also argues that the court erred in not

_____

[1]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

granting him a downward departure under U.S.S.G. § 5H1.4 based on his having Acquired Immunodeficiency Syndrome (AIDS), and that the court violated Federal Rule of Criminal Procedure 32(c)(1) and 18 U.S.C. § 3553(c) by failing to set forth reasons for its decision.

Having reviewed de novo the district court's construction and interpretation of Chapter Four of the Sentencing Guidelines, and reviewed for clear error its application of Chapter Four to the facts, we conclude the court did not err in counting Shipman's SIS toward his criminal-history score. See United States v. Holland, 195 F.3d 415, 416-17 (8th Cir. 1999) (standard of review; considering Missouri SIS conviction as prior sentence under U.S.S.G. § 4A1.2(a)(3) and assessing 1 criminal history point), cert. denied, 120 S. Ct. 1695 (2000); U.S.S.G. § 4A1.1(c) (adding 1 point for each prior sentence not otherwise counted), § 4A1.2(a)(3) (conviction for which imposition or execution of sentence was initially suspended or stayed shall be counted as prior sentence under § 4A1.1(c)), § 4A1.2(f) ("diversionary disposition" is counted if it results from finding or admission of guilt).

Further, we find the district court exercised its discretion not to depart on the basis of AIDS as an extraordinary physical impairment and we are thus without jurisdiction to review this decision. See United States v. Saelee, 123 F.3d 1024, 1025 (8th Cir. 1997) (discretionary decision not to depart from the Guidelines is unreviewable on appeal absent an unconstitutional motive).

Finally, we reject Shipman's Rule 32 challenge as legally inaccurate, see United States v. Cureton, 89 F.3d 469, 474 (7th Cir. 1996) (Rule 32(c)(1) does not require district court to enumerate its reasons for refusing to depart downward from Guidelines range), and his section 3553 challenge as factually inaccurate, see 18 U.S.C. § 3553(c) (court shall state reasons for imposition of particular sentence).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.