# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 00-3373

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| James J. Wolf, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 7, 2001
Filed: September 20, 2001

_____

Before LOKEN, FAGG, and BYE, Circuit Judges.

_____

PER CURIAM.

James J. Wolf appeals the sentence the district court[1] imposed after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g), 924(a)(2). On appeal, counsel has moved to withdraw and filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), in which he challenges (1) the assignment of two criminal history points for a prior 180-day sentence of incarceration that Wolf received for violating his probation on a prior state firearms conviction, and (2) the

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

district court's decision to make Wolf's sentence consecutive to a state sentence he was then serving following revocation of his parole on multiple stealing convictions. In a pro se supplemental brief, Wolf joins counsel in raising these issues. He also challenges the assessment of three criminal history points based on the sentence he received for his stealing convictions, arguing that they were obtained through perjured testimony, and he contends that the district court should have granted him a sentence reduction because of his lack of culpability in committing the instant offense. We reject each of these arguments and affirm.

First, Wolf's challenge to the assignment of two points for his 180-day revocation sentence fails, because at sentencing, the government introduced state court records showing that Wolf in fact received the sentence after violating his probation, and Wolf has not rebutted the government's evidence. See United States v. Holland, 195 F.3d 415, 416 (8th Cir. 1999) (standard of review). Second, because Wolf was on parole for the stealing convictions when he committed the instant offense, the district court was required to impose a consecutive sentence. See United States v. Goldman, 228 F.3d 942, 944 (8th Cir. 2000), cert. denied, 121 S. Ct. 1149 (2001). Third, Wolf cannot challenge the evidence underlying his stealing convictions in a federal sentencing proceeding. See United States v. Strange, 102 F.3d 356, 362 (8th Cir. 1996). Finally, Wolf did not seek a sentence reduction based on his asserted lack of "culpability" (nor can we see any basis for such a reduction in these circumstances).

We have reviewed the record in accordance with Penson v. Ohio, 488 U.S. 75 (1988), and find no nonfrivolous issues. Accordingly, we affirm and grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.