# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1076

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of North Dakota. |
| | * | |
| Stacy Lee Peltier, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  October 18, 2001

Filed:  January 15, 2002

_____

Before WOLLMAN, Chief Judge, FAGG and RILEY, Circuit Judges.

_____

FAGG, Circuit Judge.

Over the course of 1992 and the beginning of 1993, Stacy Lee Peltier burglarized commercial buildings on separate occasions in various North Dakota counties.   Peltier was often arrested for one burglary before committing the next. Peltier pleaded guilty to eighteen counts of burglary, and in one consolidated sentencing proceeding, the state court sentenced Peltier to concurrent five-year terms of imprisonment.  After Peltier's release from state prison, he ran afoul of federal law. In three separate indictments, the Government charged Peltier with gun and drug offenses.  A jury found Peltier guilty of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and of receiving a firearm and

ammunition while under felony indictment in violation of 18 U.S.C. § 922(n). Later, Peltier pleaded guilty to possessing methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and the Government dropped other drug charges. The gun and drug cases were consolidated for sentencing.

On the drug case, the district court[*] found Peltier qualified as a career offender under U.S.S.G. § 4B1.1 because he was at least eighteen and had two earlier convictions for crimes of violence when he committed the drug offense. As a career offender, Peltier's base offense level was 34, based on a 40-year maximum penalty on the drug charge, id. § 4B1.1(C), less a two-level reduction for acceptance of responsibility, resulting in a final offense level of 32. The criminal history category for career offenders is always VI, id. § 4B1.1, making Peltier's sentencing range 210-262 months on the drug conviction.

On the gun case, the district court found Peltier had at least three earlier convictions for violent felonies, and thus qualified as an Armed Career Criminal, 18 U.S.C. § 924(e), corresponding to a base offense level of 33. U.S.S.G. § 4B1.4(b)(3)(B). Because Peltier was out on bond from his drug case when he committed the gun offense, an additional three-level enhancement applied for committing a crime while on release, id. § 2J1.7, yielding a final offense level of 36. In calculating Peltier's criminal history, the district court followed the Government's recommendations in amendments to the presentence report (PSR). Treating the burglary sentences as related because all eighteen offenses had been consolidated for sentencing purposes, see id. § 4A1.2 n.3, the district court counted three points for the first burglary conviction, id. § 4A1.1(a), three points for the remaining burglary convictions, id. § 4A1.1(f), two points for a 1990 theft conviction, and two points for a 1991 theft conviction, id. § 4A1.1(b). The ten criminal history points placed Peltier

---

[*]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota.

in criminal history category V. After adding two levels to the highest guideline offense level of 36 on the gun charge under the grouping rule in U.S.S.G. § 3D1.4, and taking the criminal history category of V on that charge, the district court found the guidelines produced a 360-life sentencing range. Nevertheless, the district court granted a downward departure under U.S.S.G. § 4A1.3 from criminal history category V to category III, concluding Peltier's criminal history was overstated. This yielded a sentencing range of 292-365 months. The district court sentenced Peltier at the low end to 292 months in prison on the gun charge, and to a concurrent 210 months on the drug charge. Peltier appeals his sentence. The Government does not cross-appeal. We affirm.

Peltier first contends the earlier convictions used to enhance his gun sentence should have been submitted to the jury, and the failure to do so violated Apprendi v. New Jersey, 530 U.S. 466 (2000). Apprendi holds, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Peltier's contention fails because Apprendi specifically excepts earlier convictions from the rule. We also reject Peltier's assertion that Apprendi effectively overruled Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998) (refusing to interpret a statute to make the fact of an earlier conviction an element of the crime, and thus a fact question for the jury). Although the Court in Apprendi stated it was "arguable that Almendarez-Torres was incorrectly decided," the Court specifically refused to overrule the decision. Id. at 489-90. We must apply Supreme Court precedent as it stands, and that precedent does not require that either the existence or substance of Peltier's earlier convictions be submitted to a jury and proven beyond a reasonable doubt. United States v. Davis, 260 F.3d 965, 969 (8th Cir. 2001), petition for cert. filed, No. 01-7268 (U.S. Nov. 9, 2001).

Peltier next asserts the district court committed error in sentencing him as a career offender under U.S.S.G. § 4B1.1. Because Peltier was at least eighteen when

-3-

he committed the drug offense, he is a career offender if he has at least two earlier felony convictions for crimes of violence. We have already held that burglary of a commercial building is a crime of violence within the meaning of § 4B1.2(a), which defines crime of violence for purposes of the career offender and criminal history guidelines. United States v. Hascall, 76 F.3d 902, 904 (8th Cir. 1996); U.S.S.G. § 4A1.2(p). Peltier asks us to revisit Hascall, but one panel of this court cannot overrule the decision of another. United States v. Reynolds, 116 F.2d 328, 329 (8th Cir. 1997).

Peltier also argues he does not have two earlier convictions because under the guidelines consolidation rule, U.S.S.G. § 4A1.2(a)(2), his eighteen burglary convictions are deemed related and thus count only as one. Section 4A1.2(a)(2) provides, "Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), and (c) [assigning numbers of criminal history points depending on length of each earlier prison sentence]." The commentary to § 4A1.2 explains, "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest. Otherwise, prior sentences are considered related if they resulted from offenses that . . . (C) were consolidated for trial or sentencing." U.S.S.G. § 4A1.2 n.3. The provisions of § 4A1.2 (definitions and instructions for computing criminal history) apply to the counting of convictions under § 4B1.1 (career offender). Id. § 4B1.2 n.4. Peltier lacks "two prior felony convictions" qualifying him as a career offender unless "the sentences for at least two of the . . . felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c)." U.S.S.G. § 4B1.2(c).

We conclude many of Peltier's burglary sentences are unrelated because the burglaries were separated by intervening arrests. "The Guidelines require us to consider the offenses unrelated if they were . . . separated by an intervening arrest." United States v. Aguilera, 48 F.3d 327, 330 (8th Cir. 1995). We inquire whether

-4-

sentencing was consolidated only when there is a single arrest for multiple offenses. Id. Although the parties have not briefed the issue, the PSR shows Peltier was arrested for many of the burglaries before committing the next one. The PSR reflects Peltier burglarized a bar on Feburary 3, 1992 and was arrested the same day, resulting in two burglary convictions. On February 23 and April 24, 1992, Peltier again burglarized bars and was immediately arrested. On November 17, 1992, Peltier burglarized several businesses and was arrested, resulting in six burglary convictions. Because the burglaries on each of these four days were separated by intervening arrests, the sentences for at least four of the burglaries are unrelated and should be counted separately when determining Peltier's criminal history and his status as a career offender. This means Peltier had the required two earlier convictions for crimes of violence, so he is a career offender on his drug conviction. Accordingly, we reject Peltier's argument that because he is not a career offender, the Armed Career Criminal Act, 18 U.S.C. § 924(e), should not apply.

Peltier also challenges the criminal history calculation on his gun sentence. Peltier correctly notes the district court should not have counted two points towards his criminal history for his 1990 theft conviction because Peltier was under age 18 when he committed the crime, he received a sentence less than one year, and the offense occurred more than five years before his gun conviction. U.S.S.G. § 4A1.2(d). We need not consider the issue because Peltier did not raise it in the district court, but we conclude the mistake is harmless anyway. Peltier had a 1991 theft conviction resulting in a six-month sentence, worth two criminal history points. Id. § 4A1.1(b). Because at least four of Peltier's burglary offenses were separated by intervening arrests, they should have been counted separately and were worth three points each because the sentences exceeded one year and one month. Id. § 4A1.1(a). Thus, Peltier had at least fourteen criminal history points, placing him in criminal history category VI, one category higher than the category assigned by the district court. Peltier's combined offense level remains at 38, so his correct guidelines

sentencing range is 360-life, the same range considered by the district court before its departure.

Although the district court found Peltier's criminal history category was V rather than VI, we conclude no remand is necessary. The district court used the correct initial sentencing range of 360 to life, concluded criminal history category V overstated Peltier's criminal history, and determined the seriousness of Peltier's criminal history most closely resembled that of most defendants with criminal history category III. The district court then departed from criminal history category V to category III under U.S.S.G. § 4A1.3. Given the district court's comments that Peltier's sentence remained harsh, we do not think the district court would depart to a criminal history category higher than III on remand even though the initial criminal history category should have been VI rather than V. The final offense level of 38 was correct, and a departure from criminal history category VI to category III would produce the same final sentencing range of 292-365 months. In any event, the Government does not cross-appeal or request a remand.

Peltier last asserts the full faith and credit statute, 28 U.S.C. § 1738, required the district court to deem his earlier burglaries nonviolent and consolidated for sentencing as the state court did. We have considered the assertion and reject it without discussion.

We thus affirm Peltier's sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.