# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3754

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Martel Morgan, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  June 17, 2004
Filed:  November 22, 2004

_____

Before SMITH, BEAM, and COLLOTON, Circuit Judges.

_____

BEAM, Circuit Judge.

Martel Morgan appeals the sentence imposed by the district court[1] in this crack cocaine distribution case.  We affirm.

## I.    BACKGROUND

In January 2002, police arrested Morgan for a crack cocaine violation.  On September 13, 2002, Morgan was charged in a two-count indictment with possession

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

and possession with intent to distribute. In January 2003, Morgan pled guilty to both counts. At sentencing in October 2003, the district court set Morgan's base offense level at 25 and placed him in criminal history category IV, leaving him with a sentencing range of 84 to 105 months.

Morgan's criminal history category became an issue at sentencing. In 1998, Morgan pled guilty to second-degree theft and was given a suspended five-year prison sentence and two years of probation. Morgan violated his probation in October 1999, and as a result was ordered to participate in Iowa's "violator's program"[2] for an indeterminate term not to exceed six months. Pursuant to this order, Morgan was admitted to the Newton Residential Facility on December 9, 1999, and released on April 25, 2000. The district court found that this conviction and placement qualified as a prior sentence of imprisonment under the Guidelines and increased Morgan's criminal history category on that basis.

Section 4A1.1(b) of the Guidelines provides that two criminal history points shall be added for every prior sentence of imprisonment of at least sixty days. Section 4A1.1(e) provides that two criminal history points shall be added if the offender commits another violation within two years of his release from a sentence counted under section 4A1.1(b). The district court assessed Morgan two points under section 4A1.1(b) due to his confinement at the violator's facility. And because he committed the instant offense within two years of being released from the violator's facility, the district court assessed two additional points under section 4A1.1(e). These four points placed Morgan in criminal history category IV. Without the four contested points, Morgan's criminal history would have been category III and his sentencing range would have been from 70 to 87 months.

---

[2]The Iowa statutes explain that "[a] violator facility is for the temporary confinement of offenders who have violated conditions of release under work release or parole . . . or probation." Iowa Code Ann. § 904.207.

Morgan objected at sentencing, arguing that his sentence to the "violator's program" was not a "sentence of imprisonment" within the meaning of section 4A1.1. The district court rejected this argument, noting that as an offender committed to the "violator's program" under Iowa law, Morgan could not leave the facility. The district court also found that the violator's program is part of the Iowa correctional system as opposed to a part of community corrections, meaning that the defendant is transferred there in custody and must first be processed through the state prison classification center. The district court also (erroneously) believed that while at Newton, Morgan could get credit for time served and earn good time, and that offenders in the violator's program are subject to the same medical and disciplinary policies as the violator in a traditional prison institution. The district court sentenced Morgan to concurrent sentences of 105 months' imprisonment, a four-year term of supervised release, and a $200 special assessment.

## II.    DISCUSSION

We review the sentencing court's factual findings for clear error and its application of the Guidelines to those facts de novo. United States v. Stolba, 357 F.3d 850, 851 (8th Cir. 2004).

Morgan correctly points out that the district court erroneously characterized certain aspects of the violator's program. For instance, participants in the violator's program do not get good time or credit against time served, and disciplinary procedures are different for the violator's program than for the penal system. However, Morgan relies too heavily on state law in arguing that his term in the violator's program was not a sentence of imprisonment. Whether a prior sentence counts for criminal history purposes is a question of federal, not state law. United States v. Johnson, 12 F.3d 760, 766 (8th Cir. 1993). Specifically, U.S.S.G. § 4A1.2 provides definitions and instructions for computing criminal history, and it defines a sentence of imprisonment as a sentence of incarceration. U.S.S.G. § 4A1.2(b).

State law is relevant only to the extent that it describes the pertinent details of a defendant's prior sentence. United States v. Renfrew, 957 F.2d 525, 526 (8th Cir. 1992). In other words, we look to state law to determine the extent to which Morgan's liberty and privileges were deprived while subject to the Iowa correctional system. But any pronouncements by Iowa case law or statutes that the violator's program is or is not "incarceration" are irrelevant to the Guidelines' definition of incarceration.

The most important aspect of the violator's program under Iowa law is that a defendant sentenced to the program is not free to leave the facility. Offenders may not be released from the violator's facility for work, for education, or to care for immediate family members. Iowa Admin. Code § 201-20.18(8)(n). A "furlough" can be granted only for family emergencies at the discretion of the warden. Id. § 201-20.18(8)(k). Accordingly, those sentenced to the violator's program in the state of Iowa suffer significant restraints on their liberty.

Physical confinement without being free to leave is a key factor in determining whether a sentence is one of incarceration. United States v. Vanderlaan, 921 F.2d 257, 259 (10th Cir. 1990). In United States v. Allen, 64 F.3d 411, 412-13 (8th Cir. 1995), we held that a sentence served at a juvenile training school, where the defendant was not at liberty to leave, qualified as a sentence of imprisonment pursuant to section 4A1.1. See also United States v. Timbrook, 290 F.3d 957, 959-60 (7th Cir. 2002) (holding that a sentence in a secure facility, even with work release, qualified as a sentence of imprisonment); United States v. Brooks, 166 F.3d 723, 726 (5th Cir. 1999) (holding that a sentence to "boot camp" was a qualifying sentence of imprisonment).

Morgan argues that confinement in a violator's facility is somehow less like incarceration because the purpose behind the violator's program is rehabilitation. We disagree. The ultimate purpose of the criminal history calculation is to take into

account the substance of a defendant's prior criminal conduct, as the Guideline drafters have determined that it is relevant to the severity of the sentence to be imposed. United States v. Reinoso, 350 F.3d 51, 55 (2d Cir. 2003). Morgan's prior sentence to the violator's program reveals the state's policy judgment that he should be confined, regardless of whether the purpose of that restriction was for Morgan's rehabilitation or simply to keep him away from society. Because Morgan was "incarcerated" as defined by federal law while at the Newton violator's facility, we find that the district court did not err in assigning the four disputed criminal history points.

## III. CONCLUSION

We affirm.

_____