# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3910

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| James Glen Clawson, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 14, 2004
Filed: May 31, 2005

_____

Before LOKEN, Chief Judge, BEAM, and GRUENDER, Circuit Judges.

_____

BEAM, Circuit Judge.

James Clawson pleaded guilty to receiving and possessing child pornography. At sentencing,[1] Clawson received a five-level enhancement for distribution of child pornography to a minor, and he appeals that enhancement. For the reasons stated below, we affirm the district court.

_____

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

## I. BACKGROUND

Clawson was charged with receiving and possessing child pornography as a result of an undercover operation targeting individuals who had previously expressed an interest in such material. In short, Clawson ordered child pornography videos through a website set up by law enforcement. On January 19, 2001, postal inspectors conducted a controlled delivery of the videos and executed a search warrant at Clawson's residence. During a consensual interview, Clawson admitted he had ordered the videos and that he had child pornography on computer media and in pamphlets at his residence. The inspectors also learned that additional diskettes containing child pornography would be found at the home of Clawson's co-worker and friend, for whom he had babysat.

Inspectors then went to the co-worker's residence, accompanied by Clawson, to retrieve the diskettes. The co-worker denied having any knowledge of the disks, but her ten-year-old daughter informed the authorities she knew where the zip disks were located, and went to the closet to retrieve a box containing the disks. The daughter told authorities that she had not seen the images contained on the disks. Later, the co-worker informed authorities that her daughter revealed that Clawson had sexually abused her on several occasions. Clawson has already faced state charges for that crime.

The minor's retrieval of the disks formed the basis of the five-level enhancement for distribution of child pornography to a minor. Clawson argues on appeal that (1) the plain meaning of the word "distribution" precludes application of the five-level enhancement because he did not "deliver" any illicit images to this minor, (2) the statute was intended to criminalize the use of such material to desensitize children to sexual activity, and this minor never even viewed the images on the disks, and (3) the rule of lenity should apply because there is more than one reading of this guideline provision. The government responds that distribution of

child pornography can take place even though the files containing the child pornography are never opened or viewed by the recipient.

## II.     DISCUSSION

We review the district court's findings of fact in sentencing guideline cases for clear error and the district court's interpretation and application of the guidelines to those facts de novo.  United States v. Stulock, 308 F.3d 922, 925 (8th Cir. 2002).

### A.     Distribution Enhancement

The question in this case is whether the presence of the disks in the minor's home, along with her knowledge of their presence, and the fact that Clawson placed the disks in the closet where they were later retrieved by the minor, is enough to support an enhancement under section 2G2.2(b)(2)(C)[2] for distributing child pornography to a minor.  We find that it is.

In 2000, the definition of "distribution" under section 2G2.2 was amended and clarified in the guidelines.  That revision, in effect at the time of Clawson's crime and sentencing, stated "'[d]istribution' means any act, including production, transportation, and possession with intent to distribute, related to the transfer of

---

[2]Under the current version of the guidelines, this enhancement is found at section 2G2.2(b)(3)(C).

material involving the sexual exploitation of a minor."[3]  U.S.S.G. § 2G2.2, cmt. n.1 (2000).

Here, applying the ordinary meaning of the term "distribute," the district court found that Clawson distributed the disks to the girl based on her immediate knowledge of the disks' existence and location.  She was the one person in the house who knew immediately what the agents were seeking when they asked about the disks and knew where the disks were.  We agree with the district court.  The facts here support the inference that Clawson distributed disks that contained images of sexual exploitation of minors, to a minor, for purposes of the five-level enhancement under section 2G2.2(b)(2)(C).

The parties focused on whether the minor needed to view the images contained on the disks to support the enhancement under the guidelines.  However, the guidelines do not require such an inquiry.

We also reject Clawson's argument that the district court failed to apply the rule of lenity.  The rule of lenity only applies if there is a grievous ambiguity or uncertainty in the language or structure of a statute.  United States v. Kirchoff, 387 F.3d 748, 752-53 (8th Cir. 2004).  There is no such ambiguity or uncertainty in section 2G2.2(b)(2)(C).

---

[3]Since Clawson's sentencing hearing, this definition has been amended yet again and now states: "'Distribution' means any act, including possession with intent to distribute, production, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of  a minor.  Accordingly, distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing but does not include the mere solicitation of such material by a defendant."  U.S.S.G. § 2G2.2, cmt. n.1 (2004).

**B.  Sentencing Issue**

Clawson also argues that the district judge enhanced his sentence for distribution to a minor in violation of Clawson's Sixth Amendment right to be judged by a jury of his peers, citing Blakely v. Washington, 124 S. Ct. 2531 (2004).  We now know that sentencing under a mandatory guidelines scheme based upon judge-found facts does, in fact, violate a defendant's Sixth Amendment rights.  United States v. Booker,  125 S. Ct. 738, 756 (2005).  Here, Clawson's sentence was based in part on the court's determination that he distributed child pornography to a minor.  However, Clawson did not raise an objection before the district court.  Thus, we review only for plain error.  United States v. Pirani,  No. 03-2871, 2005 WL 1039976, *3 (8th Cir. Apr. 29, 2005) (en banc).

To demonstrate plain error, Clawson  must show "'(1) error, (2) that is plain, and (3) that affects substantial rights.  If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'"  Id. at *4 (quoting Johnson v. United States, 520 U.S. 461, 466-67 (1997)).  It is undisputed that the first two factors are satisfied given the district court's understandable application of mandatory guidelines.  Id.  However, Clawson is unable to demonstrate a reasonable probability that he would have received a more favorable sentence had the judge sentenced him under the advisory guidelines system.  Id.  at *6.  Based on our review of the record as a whole, nothing indicates the district court would have imposed a more favorable sentence under any other circumstance.  Thus, Clawson cannot establish the error affected his substantial rights, or that the court committed plain error in sentencing.

## III. CONCLUSION

For the reasons stated herein, we affirm.

_____