# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2110

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | *   Appeal from the United States |
| | *   District Court for the |
| Albert William Newsome, | *   Western District of Missouri. |
| | * |
| Appellant. | * |

_____

Submitted: February 15, 2005
Filed: June 10, 2005

_____

Before WOLLMAN, McMILLIAN and BENTON, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Albert William Newsome appeals from a final judgment of the District Court[1] for the Western District of Missouri entered upon his guilty plea to conspiracy to distribute cocaine base, in violation 21 U.S.C. § 841. On appeal, Newsome asserts that the district court erred in calculating his criminal history score under the United States Sentencing Guidelines § 4A1.2. We affirm.

---

[1]The Honorable Nanette Laughrey, United States District Court Judge for the Western District of Missouri.

## BACKGROUND

The Presentence Report calculated Newsome's total offense level at 23 and his criminal history category as II. The criminal history category was based on a criminal history score of 2. As relevant here, one point was assessed for a prior sentence arising from a 1998 juvenile court action following Newsome's guilty plea to a misdemeanor charge of third-degree assault. As a disposition, the juvenile court continued Newsome's probation from a 1997 juvenile court adjudication for stealing and imposed 53 hours of community service and a $15.00 fine. The disposition of the 1997 juvenile court adjudication did not result in a criminal history point because it was beyond the five-year period for counting juvenile sentences set forth in § 4A1.2(d)(2).

Newsome objected to the criminal history category II, arguing that the 1998 juvenile court disposition was not a "prior sentence" within the meaning of U.S.S.G. § 4A1.2, but rather was merely a continuation of the 1997 sentence, which could not be counted. Section 4A1.2(a)(1) provides that "[t]he term 'prior sentence' means any sentence previously imposed upon an adjudication of guilt, whether by guilty plea, trial, or plea of <u>nolo contendere</u>, for conduct not part of the instant offense." Newsome asserted that without the one point assessed for the 1998 juvenile court disposition, he would have been eligible for the safety valve provision of § 5C1.2, releasing him from the statutory mandatory minimum sentence of 60 months.

At the sentencing hearing, the government presented the testimony of Christopher Wilson, an attorney for the juvenile officer for the state circuit court. Wilson testified that he drafted the filings for Newsome's 1998 juvenile court adjudication, noting that the 1998 assault violation was filed as a law violation. Wilson explained the difference between a status violation and a law violation, noting that a law violation involves a violation of the law and must be proved beyond a reasonable doubt, whereas a status violation does not involve a violation of the law

and only requires proof by clear and convincing evidence.[2] Wilson also noted that the juvenile court lacked authority to impose a \$15.00 fine or community service for a status offense. On cross-examination, Wilson explained that the 1998 adjudication for assault had the same case number as the 1997 adjudication for stealing because under state law a juvenile court has continuing jurisdiction over a minor. See Mo. Rev. Stat. § 211.031.

The district court overruled Newsome's objection, holding that the 1998 juvenile court disposition was "clearly" a prior sentence within the meaning of § 4A1.2(a)(1). The district court reasoned that there had been an adjudication of guilt beyond a reasonable doubt for a law violation and that, in addition to continuing probation for the 1997 offense, the juvenile court imposed a fine and community service. The district court rejected Newsome's request to apply the rule of lenity and sentenced him to the statutory mandatory minimum sentence of 60 months imprisonment.

**DISCUSSION**

"We review the sentencing court's factual findings for clear error and its application of the Guidelines to those facts de novo." United States v. Morgan, 390 F.3d 1072, 1073 (8th Cir. 2004). "Whether a prior sentence counts for criminal history purposes is a question of federal law, not state law." Id. at 1074. "State law is relevant only to the extent that it describes the pertinent details of a defendant's prior sentence." Id.

---

[2] Under § 4A1.2(c), sentences for "juvenile status offenses" are not counted in computing a criminal history score. For purposes of the guideline, a "juvenile status offense" refers to a non-serious offense involving conduct which "'would have been lawful if engaged in by an adult.'" United States v. Webb, 218 F.3d 877, 880 (8th Cir. 2000) (quoting United States v. Correa, 114 F.3d 314, 319 (1st Cir. 1997)).

Newsome renews his argument that the juvenile court's 1998 disposition following his guilty plea to third-degree assault was not a prior sentence within the meaning of § 4A1.2, but rather was merely a continuation of the 1997 sentence for stealing. In support of his argument, he suggests that because the two cases shared the same docket number in the juvenile court the offenses are related and the sentences should be "treated as one sentence" under § 4A1.2(a)(2). It is true that where there is formal consolidation order of two cases and the cases proceed under the same case number, the cases may be considered as related cases and the sentences imposed may be treated as one sentence. See United States v. Klein, 13 F.3d 1182, 1185 (8th Cir. 1994). However, "[w]e inquire whether sentencing was consolidated only when there is a single arrest for multiple offenses." United States v. Peltier, 276 F.3d 1003, 1007(8th Cir. 2002). Where, as here, the offenses are "separated by a an intervening arrest[,]" we must "consider the offenses [as] unrelated." Id. (internal quotation omitted). Id. at 1006-07. See § 4A1.2, comment. (n. 3) ("Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest, i.e., the defendant is arrested for the first offense prior to committing the second offense.").

Newsome also argues that the two sentences should be treated as one sentence because in the case of a revocation of probation, the Guidelines provide that "[r]ather than count the original sentence and the resentence after revocation as separate sentences, the sentence given upon revocation should be added to the original sentence . . . and the total should be counted as if it were one sentence." § 4A1.2, comment. (n. 11). However, he fails to mention that if, as relevant here, "at the time of revocation of [probation] another sentence was imposed for a new criminal conviction, that conviction would be computed separately from the sentence imposed for the revocation." Id. As the district court noted, the 1998 disposition arose from an adjudication for the separate offense of assault and in addition to continuing probation, the juvenile court imposed a fine and community service.

-4-

Thus, the district court did not err in holding that the 1998 juvenile court's disposition was a prior sentence within the meaning of § 4A1.2. Nor did the district court err in refusing to apply the rule of lenity. In order to create an ambiguity, Newsome ignored relevant commentary to § 4A1.2. We remind Newsome that "'commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution . . . or is inconsistent with, or a plainly erroneous reading of, that guideline.'" United States v. Oetken, 241 F.3d 1057, 1059 (8th Cir. 2001) (quoting Stinson v. United States, 508 U.S. 36, 38 (1993)).[3]

Accordingly, we affirm the judgment of the district court.

_____

_____

[3]In United States v. Oetken, 241 F.3d 1057, 1060 (8th Cir. 2001), this court stated that when "there are two plausible readings of a guideline provision, we apply the rule of lenity and give the defendant the benefit of the reading that results in a shorter sentence." As the government notes, this court has also stated that the rule of lenity does not apply unless "there is a grievous ambiguity or uncertainty in the language or structure of a [guideline]." United States v. Clawson, No. 03-3910, 2005 WL 1268919, at *2 (8th Cir. May 31, 2005). In this case, we do not decide whether the two formulations of the rule of lenity are in conflict. Under either formulation, the district court did not err in refusing to apply the rule of lenity.