# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3643

_____

United States of America,

      Appellee,

v.

Andre Jackson,

      Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Northern District of Iowa.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: June 7, 2005
Filed: July 14, 2005

_____

Before BYE, RILEY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Andre Jackson appeals the 240-month statutory minimum sentence that the district court[1] imposed after his plea of guilty to possessing with intent to distribute 50 grams or more of a cocaine-base mixture after a prior conviction for a felony drug offense. See 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 851. Jackson argues that the district court erred by assessing one criminal history point each for two prior dispositions of court supervision in Cook County, Illinois, thereby making him ineligible for "safety-valve" relief from the mandatory minimum, see U.S.S.G. § 5C1.2(a)(1) (defendant

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

must have no more than 1 criminal history point).  He further argues, citing United States v. Booker, 125 S. Ct. 738 (2005), that the district court improperly relied upon the then-mandatory guidelines to determine whether the prior dispositions should be assessed criminal history points.

The district court did not err in assigning criminal history points for the disputed dispositions, as each was analogous to a diversionary disposition following a plea or finding of guilt.  See U.S.S.G. §§ 4A1.2(a)(1) ("prior sentence" means any sentence previously imposed upon adjudication of guilt), 4A1.2(f) (diversion from judicial process without finding of guilt is not counted; diversionary disposition resulting from finding or admission of guilt in judicial proceeding is counted as sentence under § 4A1.1(c) even if conviction is not formally entered); 730 Ill. Comp. Stat. Ann. 5/5-6-1(c) (West 2002) (court may defer further proceedings and imposition of sentence and order supervision upon guilty plea, stipulation to facts supporting charge, or finding of guilt); United States v. Morgan, 390 F.3d 1072, 1074 (8th Cir. 2004) (federal law, not state law, determines whether prior sentence is counted for criminal history purposes); United States v. Holland, 195 F.3d 415, 416 (8th Cir. 1999) (standard of review); United States v. Burke, 148 F.3d 832, 839-40 (7th Cir. 1998) (dismissal of case after successful completion of court supervision under Illinois law is not due to innocence, but for purposes of removing stigma associated with criminal conviction and restoring civil rights; defendant is no less guilty of offense after completing court supervision than he was when found guilty, whether or not Illinois still considers him a misdemeanant).

Jackson did not preserve his Booker claim in the district court, and we find no plain error.  See United States v. Pirani, 406 F.3d 543, 550 (8th Cir. 2005) (en banc) (requirements for preserving Booker error; plain-error standard of review); United States v. Rojas-Coria, 401 F.3d 871, 873-74 & n.4 (8th Cir. 2005) (where defendant challenged district court's finding as to completeness of safety-valve proffer, Booker had no impact because defendant's sentence was based on statutory mandatory

minimum, not application of guidelines); <u>cf.</u> <u>Booker</u>, 125 S. Ct. at 756 (proscribing only judicial factfinding that increases sentence beyond maximum authorized by jury verdict or admission); <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 243-44 (1998) (prior criminal history is sentencing factor for court to decide, not fact issue for jury to decide).

Accordingly, we affirm.

_____