# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3290

_____

United States of America,

        Appellee,

v.

Duke Patrick Soby,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Minnesota.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: June 7, 2007
Filed: June 13, 2007

_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges

_____

PER CURIAM.

Duke Soby appeals the sentence the district court[1] imposed upon his guilty plea to possession with intent to distribute in excess of 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). His counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967). For reversal, counsel argues that the district court should not have assigned Soby more than 1 criminal history point, and that he was therefore eligible for safety-valve relief. In his

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

pro se supplemental brief, Soby contends that his counsel below was ineffective and that the PSR's recommended weapons enhancement has jeopardized his chances for certain benefits. We reject these arguments and affirm the sentence.

The district court did not clearly err in its calculation of Soby's criminal history points. See United States v. Borer, 412 F.3d 987, 991-92 (8th Cir. 2005) (standard of review). First, the court properly assessed 1 point for Soby's prior DWI conviction, for which he was sentenced in 1999, because the sentence was imposed within 10 years of Soby's commencement of the instant offense, see U.S.S.G. § 4A1.2(e)(2), and Soby has not met his burden of showing that the conviction was constitutionally invalid, see U.S.S.G. § 4A1.2 cmt. (n.6) (sentences resulting from convictions that have been ruled constitutionally invalid in prior case should not be counted); United States v. Strange, 102 F.3d 356, 362-63 (8th Cir. 1996) ("bare bones" argument unsupported by authority does not satisfy defendant's burden of demonstrating that state-court conviction was constitutionally infirm). Second, Soby's convictions for driving with a cancelled license--for which he was arrested on July 23, 1995, and sentenced on October 18, 1995--and for aggravated DWI--for which he was arrested on September 3, 1995, and sentenced on January 28, 1999--were properly treated as unrelated and assessed 1 criminal history point each. See U.S.S.G. § 4A1.2(a)(2) ("Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence[.]"); United States v. Newsome, 409 F.3d 996, 999 (8th Cir. 2005) (cases formally consolidated for sentencing may be considered related under § 4A1.2(a)(2), but where offenses are separated by intervening arrests, they are unrelated). The 3 points resulting from the aforementioned convictions were more than enough to make Soby ineligible for safety-valve relief and subject to the mandatory minimum sentence. See 21 U.S.C. § 841(b)(1)(A) (10-year mandatory minimum sentence); U.S.S.G. § 5C1.2(a)(1) (one requirement for safety-valve relief is that defendant not have more than 1 criminal history point); United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003) (only authority for district court to depart below statutory minimum is when government

moves for downward departure based on substantial assistance or defendant qualifies for safety-valve relief).

As for Soby's pro se arguments, we adhere to the general rule that Soby must raise his claim of ineffective assistance of counsel in a 28 U.S.C. § 2255 proceeding, where the record can be properly developed. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003). In addition, Soby provides no support, and we have found none, for his contention that the weapons-enhancement recommendation in the PSR-- which the district court declined to adopt--has jeopardized his eligibility for any benefits.

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no non-frivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm. We also deny Soby's motion for appointment of new appellate counsel.

_____