# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3294

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *  Appeal from the United States |
| v. | *  District Court for the |
| | *  Eastern District of Missouri. |
| Derrick Evans, | * |
| | *  [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: March 6, 2009
Filed: March 26, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Derrick Evans appeals the 180-month sentence the district court[1] imposed after he pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). His counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), seeking to withdraw and arguing that four prior convictions for offenses Evans committed at age 17 should not have been used to enhance his sentence under 18 U.S.C. § 924(e) (mandating minimum 15-year prison term for person possessing

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

firearm after 3 previous convictions for violent felony committed on different occasions).

We conclude the sentence was proper. First, we have rejected the argument that basing a section 924(e) enhancement on adult convictions for offenses committed at age 17 implicates the Equal Protection Clause. See Sullivan v. United States, No. 93-1356, 1993 WL 152767, at *1 (8th Cir. May 13, 1993) (unpublished per curiam). Second, the district court did not clearly err in finding that the convictions were "unrelated" for purposes of section 924(e) enhancement. See U.S.S.G. § 4A2.1(a)(2) (2006) (prior sentences imposed in unrelated cases are to be counted separately), comment. (n.3) (cases are related if offenses occurred on same occasion, were part of single common scheme or plan, or were consolidated for trial or sentencing); United States v. Newsome, 409 F.3d 996, 999 (8th Cir. 2005) (where offenses are separated by intervening arrest, they are unrelated); United States v. Nicholson, 231 F.3d 445, 456 (8th Cir. 2000) (where prior convictions are sentenced under separate docket numbers, and there is no formal order of consolidation, convictions are counted separately); United States v. Maza, 93 F.3d 1390, 1400 (8th Cir. 1996) ("single common scheme or plan involves 'something more than simply a repeated pattern of conduct'"); United States v. Lublin, 981 F.2d 367, 371 (8th Cir. 1992) (standard of review).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel leave to withdraw, subject to counsel advising Mr. Evans of his right to file a petition for writ of certiorari, and we affirm.

_____