# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3849

_____

United States of America,

        Appellee,

v.

Ismael Garduno-Trejo,

        Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
Western District of Arkansas.

[UNPUBLISHED]

_____

Submitted: September 24, 2010
Filed: October 7, 2010

_____

Before LOKEN, HANSEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Ismael Garduno-Trejo pleaded guilty to knowingly distributing a mixture or substance containing more than 50 grams of actual methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). The district court[1] calculated a total offense level of 31 and a criminal history category III (based on five criminal history points), and imposed a sentence of 135 months' imprisonment, at the bottom of the advisory sentencing guidelines range of 135 to 168 months' imprisonment.

---

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

On March 17, 2009, one week before he committed the instant offense, Garduno-Trejo pleaded guilty in the Circuit Court of Benton County, Arkansas, to possession of a controlled substance and delivery of a controlled substance. At that proceeding, the court orally pronounced that Garduno-Trejo was sentenced to five years' probation for the possession count and a ten year suspended sentence for the delivery count. On March 26, two days after he committed the instant federal offense, the Circuit Court of Benton County signed and entered a judgment and disposition order reflecting the pleas of guilty and sentences which had occurred and had been imposed on March 17, 2009. On November 9, 2009, the Circuit Court of Benton County revoked both Garduno-Trejo's probation and his suspended sentence, and sentenced him to fifty years' imprisonment with ten years suspended.

In federal court, the Presentence Investigation Report (PSR), as updated on November 12, 2009, assessed Garduno-Trejo three criminal history points for the Arkansas state convictions and two additional criminal history points because Garduno-Trejo was under a criminal justice sentence (probation on one and a separate ten year suspended sentence on the other stemming from the Arkansas state convictions) when he committed the instant federal offense of conviction on March 24, 2009. Garduno-Trejo objected to the two additional criminal history points assessed in the PSR. He asserted that because the judgment and disposition order for the Arkansas state offenses was not signed and entered until March 26, 2009, he was not under a criminal justice sentence on March 24, 2009, when he committed the instant federal offense, reasoning that in Arkansas an oral pronouncement of a sentence by the judge does not become effective until a written judgment and disposition order is entered.

At the federal sentencing hearing, the district court ruled that, for purposes of the United States Sentencing Guidelines (U.S.S.G.), Garduno-Trejo was under a criminal justice sentence at the time he committed the instant federal offense on

March 24, 2009, because he had pleaded guilty in state court and had been sentenced on March 17, 2009. Thus, the district court held that Garduno-Trejo was properly assessed with the two additional criminal history points and overruled his objection to the PSR.

Garduno-Trejo appeals, arguing that the district court erred in assessing the two criminal history points because he was not under a criminal justice sentence when he committed the instant federal offense. We review a district court's factual findings for clear error and its application of the advisory sentencing guidelines to those facts *de novo*. United States v. Morgan, 390 F.3d 1072, 1073 (8th Cir. 2004).

Section 4A1.1(d) of the U.S.S.G. states, "Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Application note 4 to U.S.S.G. § 4A1.1 states that "[f]or the purposes of this item [§ 4A1.1(d)], a 'criminal justice sentence' means a sentence countable under § 4A1.2." Section 4A1.2(a)(1) explains that "[t]he term 'prior sentence' means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendre, for conduct not part of the instant offense." Section 4A1.2(a)(4) explains that "[w]here a defendant has been convicted of an offense, but not yet sentenced, such conviction shall be counted as if it constituted a prior sentence under § 4A1.1(c) if a sentence resulting from that conviction otherwise would be countable." It also provides that "convicted of an offense" means that the guilt of the defendant has been established by a guilty plea (among other methods), and it is the date of the plea that determines the date of conviction, not the entering of a final judgment. See United States v. Driskell, 277 F.3d 150 (2d Cir. 2002); United States v. Pierce, 60 F.3d 886 (1st Cir. 1995).

Garduno-Trejo claims that his Arkansas state sentence was "'protracted and convoluted'" such that the district court should not have included the state court

sentence in assessing criminal history points. (Appellant's Br. at 11 (quoting United States v. Boaz, 558 F.3d 800, 805 (8th Cir. 2009))). Boaz, however, involved a delayed guilty plea and deferred sentence under Arkansas Code Annotated § 16-93-303. Under that statute, a defendant may be discharged without an adjudication of guilt and his record may be expunged if he successfully completes probation. See id. at 805 n.5; Ark. Code Ann. § 16-93-303(b). There is nothing so protracted and convoluted here. Garduno-Trejo pleaded guilty to a felony, was sentenced to probation, and later had his probation revoked. This procedural history is short and straightforward, and we cannot say that it was "protracted and convoluted" such that the district court should not have included the sentence when assessing criminal history points.

Garduno-Trejo asserts that an Arkansas state sentence is not final until the filing of the judgment order such that an oral sentence was not sufficient for him to be considered under a criminal justice sentence on March 24, 2009, when he committed the instant offense. However, as we have previously explained, "[w]hether a prior sentence counts for criminal history purposes is a question of federal, not state law. . . . State law is relevant only to the extent that it describes the pertinent details of a defendant's prior sentence." Morgan, 390 F.3d at 1074. See also United States v. Martinez-Cortez, 354 F.3d 830, 832 (8th Cir.) (explaining that "[w]hether [a defendant] was under a criminal justice sentence for purposes of § 4A1.1(d) is a question of federal law" in holding that despite a state court's decision to modify the defendant's state sentences after they were served for reasons unrelated to his innocence or errors of law, he was still under a sentence of probation for the purposes of U.S.S.G. § 4A1.1(d) and should still have been assessed for those criminal history points), cert. denied, 543 U.S. 847 (2004). Garduno-Trejo's finality argument is also severely undercut by the Arkansas Circuit Court's revocation of both his probation and his suspended sentence because he committed the instant federal offense two days before Garduno-Trejo claims he was put on probation by the written order filed on March 26, 2009. Whether or not the oral sentence was a final criminal justice

sentence under Arkansas law, for purposes of federal sentencing law, Garduno-Trejo was under a criminal justice sentence at the time he committed the instant offense on March 24, 2009.

Garduno-Trejo also argues that he should not have received the two additional criminal history points because the state court acted improperly in revoking his probation and suspended sentence. With this argument, Garduno-Trejo seeks to collaterally attack his prior state court conviction, but a defendant "cannot collaterally attack a prior state conviction during a federal sentencing proceeding." United States v. El-Alamin, 574 F.3d 915, 928 (8th Cir. 2009). Thus, Garduno-Trejo's challenge to the state court's decision to revoke his probation and suspended sentence fails.

Finally, Garduno-Trejo maintains that he should not have received the two additional criminal history points because his state court sentence was on appeal. However, U.S.S.G. § 4A1.2(*l*) explains that prior sentences under appeal are counted for the purposes of assessing criminal history points.

Accordingly, the judgment of the district court is affirmed.

_____