UNITED STATES of America, Plaintiff–Appellee,

v.

Tracy L. KIRBY, Defendant–Appellant.

No. 88–5869.

United States Court of Appeals, Sixth Circuit.

Argued April 14, 1989.

Decided Jan. 16, 1990.

Joseph M. Whittle, U.S. Atty., Randy W. Ream, Asst. U.S. Atty., Terry Cushing (argued), David P. Grise, Asst. U.S. Atty., Louisville, Ky., for plaintiff-appellee.

Thomas F. Chimera (argued), Bowling Green, Ky., for defendant-appellant.

Before RYAN and NORRIS, Circuit Judges, and TURNER, District Judge.[*]

---

[*] The Honorable Jerome Turner, United States District Judge for the Western District of Tennessee, sitting by designation.

868

PER CURIAM.

The question raised by this appeal is whether the fact that defendant had been adjudicated delinquent as a minor under Kentucky law and committed to a state agency charged with the custody of delinquent juveniles could be considered in determining his criminal history category under the federal sentencing guidelines.

Defendant entered a plea of guilty to a charge of breaking into a post office, brought under 18 U.S.C. § 2115. The sentencing judge was advised that defendant, when seventeen years of age, had been adjudicated delinquent by a Kentucky juvenile court on the basis of conduct that would constitute burglary, theft, and other related crimes, and was committed to the custody of the Kentucky Cabinet for Human Resources until he attained the age of eighteen, a period of nearly seven months.

In addressing defendant's criminal history under the sentencing guidelines, the court added two points for a "prior sentence of imprisonment" of at least sixty days, as directed by section 4A1.1(b), and another two points under section 4A1.1(e), since the federal offense was committed less than two years after defendant's release from imprisonment on the sentence counted under section 4A1.1(b). Citing guideline section 4A1.2(a)(1), which defines a "prior sentence" in the context of an "adjudication of guilt," and section 4A1.-2(b)(1), which defines "sentence of imprisonment" as involving "incarceration," defendant complains that, since under Kentucky law an adjudication of delinquency by a juvenile court cannot be deemed a conviction, his juvenile record cannot be recognized to enchance his sentence under the guidelines.

Federal law, not Kentucky law, controls sentencing disposition in the event of convictions for federal offenses. *See Dickerson v. New Banner Institute Inc.*, 460 U.S. 103, 111–12, 103 S.Ct. 986, 991–92, 74 L.Ed.2d 845 (1983); *Flippins v. United States*, 808 F.2d 16, 19 (6th Cir.1987). Guideline section 4A1.2(d)(2)(A), in providing instructions for computing criminal history as it relates to offenses committed prior to age eighteen, specifically directs the addition of two points "under § 4A1.1(b) for each adult or juvenile sentenced to confinement of at least sixty days." Furthermore, because the juvenile adjudication was properly counted under section 4A1.1(b), the two-point enhancement was proper under section 4A1.1(e), since that section is keyed to a sentence counted under section 4A1.1(b).

Accordingly, we are unable to agree with defendant's contention that adoption of guideline sections 4A1.2(a)(1) and (b)(1) precludes a sentencing court from considering a defendant's prior juvenile adjudication, as was permitted prior to adoption of the guidelines. *See United States v. Tucker*, 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972).

In all other respects, the order sentencing defendant is also affirmed.