**UNITED STATES of America, Appellee,**

v.

**Antwoine Marquis ALLEN, Appellant.**

**No. 95–1547.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 10, 1995.

Decided Aug. 29, 1995.

---

1. The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

**412**

Jane Kelly, Asst. Federal Public Defender, Cedar Rapids, IA, for appellant.

Patrick J. Reinert, Asst. U.S. Atty., Cedar Rapids, IA, for appellee.

Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.

PER CURIAM.

Antwoine Marquis Allen appeals his 64–month sentence imposed by the district court[1] after he pleaded guilty to distributing crack cocaine within 1,000 feet of a public playground. We affirm.

The presentence report (PSR) determined Allen's criminal history category to be III based on two criminal history points he received for a false imprisonment and armed robbery juvenile adjudication, and two additional points he received under U.S.S.G. § 4A1.1(e) for committing the instant offense less than two years after release from imprisonment on a sentence counted under section 4A1.1(b). The juvenile adjudication had resulted in Allen's commitment to the custody of the Ethan Allen Training School for Boys in Wales, Wisconsin, until he turned age 18 in February 1993.

Allen filed objections to the PSR, arguing, inter alia, that his sentence as a juvenile was a "sentence to confinement" at the training school as defined in U.S.S.G. § 4A1.2(d), rather than a sentence of "imprisonment" or "incarceration" under section 4A1.2(b). He argued that, because he had never been "incarcerated" as an adult on a "sentence of imprisonment," section 4A1.1(e), on its face, did not apply to his sentence to juvenile confinement.

Allen renewed this challenge at sentencing. Noting that section 4A1.1, comment. (n. 5)[2] discussed "imprisonment" as being interchangeable with "confinement," and section 4A1.2(d)(2) discussed "juvenile imprisonment" as being confinement, the court postulated that any juvenile confinement counted under section 4A1.2(d)(2)(A), should be counted for purposes of 4A1.1(e). The court overruled Allen's objection, concluding Allen's commitment to the Ethan Allen training school, where he was confined and was not at liberty to leave at will met the definitions of commentary note 5 and section 4A1.2(b)(1). The court sentenced Allen to 64 months im-

---

1. The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

2. Section 4A1.1, comment. (n. 5) provides in part:

§ 4A1.1(e). Two points are added if the defendant committed any part of the instant offense

(i.e., any relevant conduct) less than two years following release from confinement on a sentence counted under § 4A1.1(a) or (b). This also applies if the defendant committed the instant offense while in imprisonment or escape status on such a sentence.

prisonment and six years supervised release and imposed restitution of $1,920.

On appeal, Allen argues the district court erred in adding two criminal history points pursuant to section 4A1.1(e) for commission of the instant offense within two years of release from a prior juvenile sentence to confinement.

█ While we review the district court's application of section 4A1.1 to the facts for clear error, *United States v. Copeland,* 45 F.3d 254, 257 (8th Cir.1995), its construction or interpretation of the terms of the relevant guidelines is subject to de novo review. *United States v. French,* 46 F.3d 710, 717 (8th Cir.1995). Section 4A1.1, comment. (n. 5) provides that two points are to be added under section 4A1.1(e) if the instant offense was committed less than two years following "release from confinement on a sentence counted under § 4A1.1(a) or (b)." Whether or not Allen is correct that juvenile "confinement" differs from adult "imprisonment," it is clear that juvenile sentences are considered in calculating criminal history, *see United States v. Johnson,* 962 F.2d 1308, 1314 (8th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 358, 121 L.Ed.2d 271 (1992) and —— U.S. ——, 113 S.Ct. 1418, 122 L.Ed.2d 788 (1993), and that Allen committed the instant offense less than two years after his release from "confinement" on a sentence properly counted under section 4A1.1(b). We conclude the district court correctly assessed the points. We note that other circuits also have held that commission of an offense within two years of release from a term of juvenile confinement which is assigned criminal history points under section 4A1.1(b) results in two additional criminal history points under U.S.S.G. § 4A1.1(e). *See United States v. Davis,* 929 F.2d 930, 932–33 (3d Cir.1991); *United States v. Unger,* 915 F.2d 759, 763–64 (1st Cir.1990), *cert. denied,* 498 U.S. 1104, 111 S.Ct. 1005, 112 L.Ed.2d 1088 (1991); *United States v. Reid,* 911 F.2d 1456, 1466 (10th Cir.1990), *cert. denied.* 498 U.S. 1097, 111 S.Ct. 990, 112 L.Ed.2d 1074 (1991); *United States v. Hanley,* 906 F.2d 1116, 1120 (6th Cir.), *cert. denied,* 498 U.S. 945, 111 S.Ct. 357, 112 L.Ed.2d 321 (1990).

Accordingly, the district court's judgment is affirmed.