_____

No. 95-4035
_____

United States of America,         *
                                        *
        Appellee,        *
                                        *  Appeal from the United States
    v.                        *  District Court for the
                                        *  District of Minnesota
Andre Dion Jones, Jr.,        *
                                        *      [TO BE PUBLISHED]
        Appellant.      *


_____

Submitted:  June 7, 1996

Filed:  June 26, 1996
_____

Before McMILLIAN, WOLLMAN and MURPHY, Circuit Judges.
_____


PER CURIAM.

Andre Dion Jones, Jr., challenges the 151-month sentence imposed by the district court[1] after he pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a).  Jones contends the district court incorrectly calculated his criminal history and erroneously classified him as a career offender.  We affirm.

Jones first argues the district court erred in assessing three criminal history points for each of two state felony convictions. Jones was arrested after committing the first offense, but before committing the second offense.  Although Jones received two separate sentences of imprisonment--each greater than one year--execution of both sentences was suspended in favor of probation.

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

Jones's probation on both sentences was later revoked, and he was ordered to serve the original terms of imprisonment concurrently.

Jones argues the offenses were "related" under U.S.S.G. § 4A1.2(a)(2) and comment. (n.3), because the original terms of imprisonment were executed into a single term of imprisonment following his probation revocation. Thus, Jones argues, he should have been assessed three points for only one of the state convictions and only one point for the "related" conviction, pursuant to U.S.S.G. § 4A1.1(f).

We review de novo the district court's construction and interpretation of Chapter Four of the Guidelines, and we review for clear error the district court's application of Chapter Four to the facts. See United States v. Allen, 64 F.3d 411, 413 (8th Cir. 1995) (per curiam). We agree with the district court that Jones's two unrelated convictions did not become related by virtue of the probation revocation and concurrent sentencing, and thus we conclude the district court properly assessed three points for each conviction. See U.S.S.G. §§ 4A1.1(a) (requiring court to assess three criminal history points for each "prior sentence of imprisonment" exceeding one year and one month), 4A1.2(a)(1), (b)(1) (defining "prior sentence" and "sentence of imprisonment"), 4A1.2(a)(2) & comment. (n.3) (prior sentences not related if for offenses separated by an intervening arrest); United States v. Aguilera, 48 F.3d 327, 330 (8th Cir.) (only where defendant arrested once for multiple offenses must court ask whether sentences are related), cert. denied, 116 S. Ct. 117 (1995).

Because Jones had two prior qualifying felony convictions, see U.S.S.G. § 4B1.1, the district court properly classified Jones as a career offender, see U.S.S.G. § 4B1.2(3)(B) (defining "two prior felony convictions") & comment. (n.4) (provisions of § 4A1.2 are applicable to counting of convictions under § 4B1.1).

-2-

Accordingly, the judgment of the district court is affirmed.

A true copy.

   Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.