United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 97-3108

_____

United States of America,                    *
                                             *
                    Appellee,                *
                                             *    Appeal from the United States
          v.                                 *    District Court for the Western
                                             *    District of Missouri.
Leo G. Willis,                               *
                                             *       [UNPUBLISHED]
                    Appellant.               *

_____

Submitted: February 4, 1998
Filed: February 9, 1998

_____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.


        Leo G. Willis appeals the sentence imposed by the district court[1] following his guilty plea to one count of conspiracy to distribute methamphetamine. Willis's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising errors related to the district court's criminal history calculation; counsel has moved to withdraw. We affirm.

_____

        [1]The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

Reviewing the district court's construction and interpretation of Chapter Four of the U. S. Sentencing Guidelines de novo, see United States v. Jones, 87 F.3d 247, 248 (8th Cir.) (per curiam), cert. denied, 117 S. Ct. 374 (1996), we agree that the convictions represented in paragraphs 53 and 55 of Willis's presentence report were separate, as the offenses occurred a year apart, were separated by an intervening arrest, and were prosecuted under separate docket numbers. See U.S. Sentencing Guidelines Manual § 4A1.2, comment. (n.3) (1997); United States v. Aguilera, 48 F.3d 327, 330 (8th Cir.), cert. denied, 116 S. Ct. 117 (1995); United States v. McComber, 996 F.2d 946, 947 (8th Cir.1993) (per curiam).

We also agree that--because Willis stipulated to his participation in the conspiracy from October 1994 until July 1996, and because he was sentenced on his state convictions in September 1995 and paroled in January 1996--Willis committed the present offense while he was under a criminal justice sentence, and within two years after his release from imprisonment. See U.S. Sentencing Guidelines Manual § 4A1.1(d),(e) (1997); cf. United States v. Early, 77 F.3d 242, 244 (8th Cir.1996) (per curiam) (defendant who did not challenge plea agreement was bound by stipulations therein); United States v. Tolson, 988 F.2d 1494, 1499-1501 (7th Cir. 1993) (defendant who pleaded guilty to conspiracy spanning specific dates properly received criminal history points under § 4A1.1(d) for committing conspiracy while on probation).

Having carefully reviewed counsel's submission and the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues for appeal. Counsel's motion to withdraw is granted and the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.