# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3006

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Octavio Alcazar-Contreras, also known | * | District of Nebraska. |
| as Octavio Alcazar-Moreno, also | * | [UNPUBLISHED] |
| known as Ramon Alcazar, also known | * | |
| as Ramon Alcazar-Cardenas, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 22, 2002
Filed:  May 1, 2002

_____

Before HANSEN, Chief Judge, WOLLMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Octavio Alcazar-Contreras pleaded guilty to reentering the United States illegally, having previously been deported following conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2).  The district court[1] overruled his objection to his criminal history score and sentenced him to 57 months imprisonment

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

and 3 years supervised release.  On appeal, counsel has filed a brief and moved to withdraw under <u>Anders v. California</u>, 386 U.S. 738 (1967), and Alcazar-Contreras has not filed a pro se supplemental brief.

Counsel argues that Alcazar-Contreras should not have received 2 criminal history points under U.S.S.G. § 4A1.1(e), for committing the instant offense within 2 years after being released from custody for a prior offense, because he was released from custody for the prior offense and deported on August 14, 1998, and was not arrested for the instant offense until February 17, 2001.  We reject this argument because Alcazar-Contreras's confirmed presence in the United States on at least 3 occasions in 1999 and 2000--instances when he was arrested in Arizona--is relevant conduct bringing him within the 2-year period triggering section 4A1.1(e).  <u>See United States v. Diaz-Diaz</u>, 135 F.3d 572, 575 (8th Cir. 1998) (being found in United States, in violation of § 1326, is continuing violation that is not complete until alien is discovered by immigration authorities); <u>United States v. Allen</u>, 64 F.3d 411, 412 n.2 (8th Cir. 1995) (per curiam) (relevant conduct is taken into account when assessing points under § 4A1.1(e)).

Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.