RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 09a0401p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

        *v.*

MARCELLUS THOMPSON,
                    *Defendant-Appellant.*

No. 08-3760

_____

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 06-00565-002—Lesley Brooks Wells, District Judge.

Submitted: October 13, 2009

Decided and Filed: November 20, 2009

Before: KENNEDY and ROGERS, Circuit Judges; HOOD, District Judge.[*]

_____

**COUNSEL**

**ON BRIEF:** Mark R. DeVan, BERKMAN, GORDON, MURRAY & DeVAN, Cleveland, Ohio, for Appellant. Laura McMullen Ford, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee.

_____

**OPINION**

_____

HOOD, Senior District Judge. Defendant-Appellant Marcellus Thompson ("Thompson") appeals the district court's sentence upon his plea of guilty to a charge of possession with intent to distribute cocaine base. The district court determined that the applicable advisory sentencing guideline range was 24 to 30 months and sentenced

_____

[*]The Honorable Joseph M. Hood, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

Thompson to 28 months' imprisonment. Thompson claims that this sentence is improper because the district court calculated his sentencing guideline range by including a two-point enhancement for a juvenile confinement that occurred less than two years prior to the instant offense. The two-point enhancement increased the sentencing guideline range from 18 to 24 months to 24 to 30 months. Thompson argues that his sentence is procedurally unreasonable in contravention of § 4A1.1(e) of the U.S. Sentencing Guidelines (the "Guidelines") and requests that his sentence be vacated and remanded to the district court for resentencing. In response, the United States of America has argued that the guideline range was properly calculated and that the sentence was procedurally reasonable.

For the reasons which follow, the opinion of the district court is **AFFIRMED**.

## I.    Factual and Procedural Background

On April 21, 2008, Thompson pleaded guilty to possession with intent to distribute 1.9 grams of cocaine base. Based on his prior criminal convictions, the Pre-Sentence Report ("PSR") reflected that Thompson had a criminal history score subtotal of six points. The PSR assigned the following point values to Thompson's prior offenses:

(1) February 20, 2002: Adjudicated delinquent for violence against his sister, resulting in no custody. One point under USSG § 4A1.1(c).

(2) January 31, 2003: Adjudicated delinquent for joyriding, resulting in no custody. One point under USSG § 4A1.1(c).

(3) April 3, 2003: Drug possession conviction, resulting in a commitment to six months juvenile custody at the Ohio Department of Youth Services, released on May 19, 2004. Two points under USSG § 4A1.1(b).

(4) October 21, 2003: Drug trafficking conviction, resulting in no custody. One point under USSG § 4A1.1(c).

(5) October 13, 2004: Adjudicated delinquent for drug possession, resulting in no custody. One point under USSG § 4A1.1(c).

(6) December 28, 2004: Adjudicated delinquent for assault, resulting in no custody. One point under USSG § 4A1.1(c).

(7) December 29, 2004: Adjudicated delinquent for drug possession, resulting in continuation of parole. One point under USSG § 4A1.1(c).

(8) May 28, 2006: Possession of marijuana conviction, resulting in a sentence of three days incarceration. One point under USSG § 4A1.1(c).

These offenses add up to a total of nine criminal history points. Under USSG § 4A1.1(c), only a maximum of four points can be attributed to prior convictions that lack a significant term of incarceration. As a result, the PSR assigned a total of four points for all of the convictions listed above except the April 3, 2003 conviction for drug possession. For the April 3, 2003 conviction, which included a significant term of incarceration, the PSR assigned two points. In total, the PSR assigned six criminal history points for all prior convictions.

Thompson's April 3, 2003, drug possession conviction occurred when he was sixteen years old and resulted in a six-month sentence of confinement at the Ohio Department of Youth Services. Because Thompson committed the instant offense less than two years following his release from custody for the April 3, 2003, juvenile offense, the PSR assessed two additional points to Thompson's criminal history score, under USSG § 4A.1.1(e), for a total of eight criminal history points.

Thompson objected at sentencing to the two additional points under USSG § 4A1.1(e), contending that § 4A1.1(e) does not apply to juvenile offenses. Thompson admitted that his juvenile offenses would be included in his criminal history points based on prior convictions under USSG § 4A1.1(b). On appeal, however, he argues that because juvenile offenses are specifically included in the language of § 4A1.2(d) in reference to calculating sentences under § 4A1.1(a), (b) and (c), but not specifically in

reference to § 4A1.1(e), § 4A1.1(e) necessarily excludes confinements for juvenile offenses and the district court erred in including the juvenile offenses under that section.

## II.　Jurisdiction

The district court had jurisdiction pursuant to 18 U.S.C. § 3231 because Thompson was charged with and convicted of a offense against the laws of the United States; specifically, a violation of 18 U.S.C. § 841(a)(1) . This Court has jurisdiction over the instant appeal pursuant to 28 U.S.C. § 1291, which confers appellate jurisdiction over final orders of the district court.

## III.　Standard of Review

This Court reviews a criminal sentence for reasonableness under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 597 (2007). The reasonableness analysis has two tiers: procedural reasonableness and substantive reasonableness. *Id.* At issue in this case is whether the district court committed a procedural error by improperly calculating Thompson's criminal history score. Properly calculated sentences under the Guidelines are credited with a rebuttable presumption of reasonableness. *United States v. McGee*, 494 F.3d 551, 554 (6th Cir. 2007) (citing *Rita v. United States*, 551 U.S. 338 (6th Cir. 2007)). This Court reviews the district court's factual findings in calculating the Guidelines range for clear error, but its legal conclusions are reviewed *de novo*. *United States v. Galloway*, 439 F.3d 320, 322 (6th Cir. 2006).

## IV. Analysis

Thompson argues that the PSR and, by extension, the district court, erred in calculating his criminal history points under USSG § 4A1.1(e) because the instant offense occurred within two years of his release from *juvenile* confinement. USSG § 4A1.1(e) states:

> (e) Add 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under [USSG § 4A1.1](a) or (b) or while in imprisonment or escape status on

> such a sentence. If 2 points are added for item (d), add only 1 point for
> this item.

USSG § 4A1.1(e). Applicable § 4A1.1(b) states, "(b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a)." USSG § 4A1.1(a). Application Note 2 clearly includes juvenile confinements under USSG § 4A1.1(b), stating in part:

> An adult or juvenile sentence imposed for an offense committed prior to
> the defendant's eighteenth birthday is counted only if the confinement
> resulting from such sentence extended into the five-year period preceding
> the defendant's commencement of the instant offense.

USSG § 4A1.1(b) cmt. n.2 (2007). USSG § 4A1.2(d)(2) specifically directs that two points be added "under § 4A1.1(b) for each adult *or juvenile* sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense." USSG § 4A1.2(d)(2) (emphasis added).

Thompson concedes that Application Note 2 to § 4A1.1(b) and the text of § 4A1.2(d)(2) require the inclusion of his juvenile offenses and confinements in the calculation of his criminal history points under § 4A1.1(b) and § 4A1.2(d)(2). Thompson argues that, because § 4A1.1(e) does not explicitly state that juvenile confinements are included for the purpose of the two-point enhancement under § 4A1.1(e), Thompson's juvenile confinement cannot be counted under that section.

Thompson takes the position that § 4A1.2(d) "provides for the computation of juvenile sentences by reference to three subsections, § 4A1.1(a), (b), and (c)" but that § 4A1.1(e) is "[c]onspicuously absent from § 4A1.2(d)." (Appellant Brief, p. 9). As a result, Thompson argues that the language of the Guidelines excludes juvenile sentences from § 4A1.1(e) because of the maxim of statutory construction, "expressio unius est exclusio alterius," or the inclusion of one (§ 4A1.1(a), (b), and (c) in § 4A1.2(d)) implies the exclusion of the other (§ 4A1.1(e) from § 4A1.2(d)). Both of Thompson's arguments are without merit.

This Court has directly and indirectly addressed the issue of whether a juvenile sentence of confinement is counted in a defendant's criminal history score under USSG § 4A1.1(e) on at least three occasions. *United States v. Hanley*, 906 F.2d 1116 (6th Cir. 1990); *United States v. Kirby*, 893 F.2d 867 (6th Cir. 1990) (per curiam); and *United States v. Hall*, 279 Fed.Appx. 359, 2008 WL 2224804 (6th Cir. 2008) (unpublished opinion). Thompson attempts to distinguish *Hanley* by stating that the question in *Hanley* was whether commitment for a juvenile offense constitutes "imprisonment" under USSG § 4A1.2(d), not whether juvenile commitments are included under § 4A1.1(e) for the two-point enhancement. Thompson is correct in stating that the question in *Hanley* was not the same as in this case; however, this Court in *Hanley* explicitly stated that "commitment to a juvenile facility constitutes an 'imprisonment' for the purposes of applying the two-point enhancement provision in Guidelines § 4A1.1(e)." *Hanley*, 906 F.2d at 1120. This Court directly considered this issue in *Kirby* and found that "because the juvenile adjudication was properly counted under section 4A1.1(b), the two-point enhancement was proper under section 4A1.1(e), since that section is keyed to a sentence counted under section 4A1.1(b)." *Kirby*, 893 F.2d at 868. This Court's precedent in *Hanley* and *Kirby* clearly establishes that the district court properly included Thompson's juvenile sentence in its calculation of his criminal history points under § 4A1.1(b) and (e).

Other circuits have agreed that "the commission of an offense within two years of release from a term of juvenile confinement which is assigned criminal history points under section 4A1.1(b) results in two additional criminal history points under USSG § 4A1.1(e)." *United States v. Allen*, 63 F.3d 411, 412 (8th Cir. 1995) (per curiam); *see also United States v. Cruz*, 106 F. 3d 1134, 1135 n.1 (3d Cir. 1997). Upon reviewing a case with facts similar to the one at bar, the First Circuit held:

> The defendant does not seriously contend that his juvenile conviction was improperly counted under section 4A1.2(d)(2)(A) and, by reference, under section 4A1.1(b); indeed, any such contention would be specious on its face. It follows inexorably that the two-point enhancement under section 4A1.1(e) was properly assessed . . . Because the defendant committed the instant offense less than two years after leaving [juvenile

confinement], the district court correctly included two additional CHPs [criminal history points] under section 4A1.1(e).

*United States v. Unger*, 915 F.2d 759, 764 (1st Cir. 1990) (internal citations omitted).

Thompson admits that his juvenile confinement must be included in his criminal history score under § 4A1.1(b). USSG § 4A1.1(e) requires that the district court "[a]dd 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under [USSG § 4A1.1](a) or (b)," which is the case here. USSG § 4A1.1(e). Therefore, "because the juvenile adjudication was properly counted under section 4A1.1(b), the two-point enhancement was proper under section 4A1.1(e), since that section is keyed to a sentence counted under section 4A1.1(b)." *Kirby*, 893 F.2d at 868 (1990).

Despite Thompson's argument to the contrary, this and other circuits have agreed that juvenile confinement, the release from which occurs less that two years prior to the instant offense, properly generates an enhancement of two criminal history points for the purposes of determining a defendant's sentencing guideline range. Under this calculation, the district court properly attributed six criminal history points to Thompson's prior convictions and two additional points under USSG § 4A1.1(e) because the instant offense occurred less than two years after his release from confinement, for a total of eight criminal history points and a sentencing guidelines range of 24 to 30 months.

**V. Conclusion**

For the foregoing reasons, we **AFFIRM** the judgment of the district court.