# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1939
_____

United States of America

*Plaintiff - Appellee*

v.

Jamie Olatreece Clayton

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: January 8, 2018
Filed: June 6, 2018
[Unpublished]
_____

Before LOKEN, BEAM, and KELLY, Circuit Judges.
_____

PER CURIAM.

Jamie Clayton pleaded guilty to being a felon in possession of ammunition and was sentenced to 120 months. He appeals the district court's[1] determination of his Guidelines offense level and criminal history score.

_____

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas.

Two episodes of Clayton's criminal history are relevant to this appeal. The first includes two convictions for theft by receiving and fleeing, both in 2011. Clayton was sentenced to probation on those two counts, but his probation was revoked on January 11, 2016. The revocation sentence was 60 months for the theft and 12 months for the fleeing, to be served concurrently. The second episode includes 2014 convictions for aggravated assault and battery in the second degree. Clayton received 120 days for these convictions, followed by a term of probation. That probation was also revoked on January 11, 2016, resulting in a 36-month revocation sentence to run concurrently with the other revocation sentences.

At sentencing, the district court determined that Clayton had a prior conviction for a crime of violence, resulting in an enhanced base offense level of 22. See USSG § 2K2.1(a)(3). The court also assigned three criminal history points to both the 2011 convictions and the 2014 convictions because the revocation sentences resulted in imprisonment for more than 13 months. See id. § 4A1.1(a). Clayton's advisory Guidelines range was 92 to 115 months,[2] and the court imposed the statutory maximum sentence: 120 months.

On appeal, Clayton claims the district court erred in the calculation of his offense level and criminal history score. These are new arguments that were never made to the district court. Accordingly, we can review only for plain error. United States v. Phelps, 536 F.3d 862, 865 (8th Cir. 2008). "Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." United States v. Jordan, 877 F.3d 391, 394 (8th Cir. 2017). "A plain error is one that is clear or obvious under current law." United States v. Lovelace, 565 F.3d 1080, 1092 (8th Cir. 2009).

---

[2]Neither party's objections to the presentence report are relevant to this appeal.

Clayton first argues that neither his prior conviction for Arkansas aggravated assault nor his prior conviction for Arkansas second degree battery was a crime of violence. As relevant here, a crime of violence is "any offense . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a)(1).

We focus on Clayton's second degree battery conviction. See Ark. Code Ann. § 5-13-202. We have previously held that the Arkansas second degree battery statute is divisible, and at least one subsection of the statute codifies a crime of violence. United States v. Rice, 813 F.3d 704, 705 (8th Cir. 2016). Clayton argues it was error to conclude he was previously convicted of a crime of violence without the proper documentation to prove which subsection of the statute he was convicted under. Even if we assume error, however, Clayton does not explain how the error is plain. Clayton's failure to object means that the government was not on notice that it should put in evidence of which subsection of the statute Clayton was convicted under, see United States v. Bankhead, 746 F.3d 323, 325 (8th Cir. 2014), and the district court was not given the opportunity to rule on the dispute. Under these circumstances, it is not clear or obvious that Clayton's second degree battery conviction is not a crime of violence, and Clayton has failed to meet his burden.

Next, Clayton argues that his criminal history score was improperly calculated. He claims that his sentence on the 2014 convictions should have received two, rather than three, criminal history points. The Guidelines assign criminal history points to prior sentences based on the length of imprisonment. See USSG § 4A1.1. Some sentences include probation. If that probation is revoked, any resulting post-revocation imprisonment is added to the original sentence and scored accordingly. Id. § 4A1.2(k)(1). But when "a revocation applies to multiple sentences," any resulting post-revocation imprisonment is only added to "the sentence that will result in the greatest increase in criminal history points." Id. at comment. (n.11). In an

example, the Guidelines commentary explains that this calculation is appropriate when both revocation sentences resulted from "the same violation conduct." Id.

According to Clayton, the post-revocation imprisonment for his 2011 and 2014 sentences should only apply to the former because both sentences were revoked on January 11, 2016. But neither the Guidelines nor our case law makes it clear or obvious that when two probations are revoked on the same day, the resulting revocation sentence can only be added to one of the underlying custodial sentences. See id.; see also United States v. Jones, 87 F.3d 247, 248 (8th Cir. 1996) (per curiam) ("[T]wo unrelated convictions [do] not become related by virtue of . . . probation revocation and concurrent sentencing."). Moreover, the record does not establish that Clayton's 2011 and 2014 probation sentences were both revoked for the same violation conduct. Accordingly, any purported error in the scoring of Clayton's criminal history is not plain.

We affirm the sentence.

_____