NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0245n.06

Case No. 23-3572

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 06, 2024
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff - Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| | ) | |
| MARKQUICE DONNER, | ) | |
| Defendant - Appellant. | ) | OPINION |
| | ) | |

Before: GIBBONS, WHITE, and MURPHY, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Markquice Donner pled guilty to seven counts of an indictment charging him, along with other individuals, with a drug conspiracy and various drug trafficking offenses. At sentencing, the district court imposed a low-end Guidelines sentence of 235 months' imprisonment. Donner appeals that sentence as procedurally and substantively unreasonable. Because the record fails to support his arguments, we affirm.

I.

In December 2022, Donner was arrested for his participation in a drug trafficking conspiracy with four codefendants. The indictment alleged that their conspiracy to distribute and to possess with intent to distribute fentanyl and methamphetamine began in June 2021 and continued through August 2022. It asserted that, in March and May 2022, Donner received from a codefendant through the mail, distributed, and possessed with intent to distribute, these controlled substances. It also stated that he used his phone to communicate with codefendants in furtherance of the conspiracy in May 2022. Donner was charged with (1) conspiracy to distribute

and to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A); (2) attempted possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2; (3) possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); (4) possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); (5) possession with intent to distribute cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and (6) two counts of use of a communications facility to facilitate a felony drug offense in violation of 21 U.S.C. § 843(b).

In March 2023, Donner elected to plead guilty to all counts. After the prosecution's factual recitation, which included the fact that the conspiracy began in June 2021, Donner admitted he engaged in the activity described. The court accepted his plea.

The presentence report's summary of the facts was substantially the same as that in the indictment, including that the conspiracy began in June 2021. The PSR recounted that Donner was responsible for 1,205.79 grams of fentanyl and 4ANPP, 1,807.13 grams of methamphetamine, and 10.15 grams of crack cocaine, all of which were recovered either in his residence or from packages he received. Based on these amounts, the PSR calculated his base offense level as 36. After credit for acceptance of responsibility, his total offense level was 33. The PSR then calculated his criminal history, assessing various points for (1) a 2010 conviction for attempted trafficking; (2) a 2011 conviction for attempted drug possession; (3) a 2013 conviction for trafficking; (4) 2013 convictions for robbery and possessing a weapon under a disability; (5) 2018 convictions for possessing a weapon under a disability and trafficking with a firearm; (6) 2020 convictions for possessing a weapon under a disability, drug trafficking, and possessing criminal tools; and (7) a 2022 conviction for failure to comply with an order/signal of a police officer (i.e.,

operating a motor vehicle to flee a police officer). The PSR indicated that Donner had violated probation approximately four times and that he had reoffended while on probation. The PSR also noted that, during incarceration for the 2013 convictions, Donner received 12 bad conduct reports. Altogether, his previous convictions resulted in a criminal history score of 15. The PSR added two points for commission of the instant offense while under a criminal justice sentence for the 2020 convictions per U.S.S.G. § 4A1.1(d). With the score of 17, the PSR placed Donner in criminal history category VI, but also noted that, as a career offender per § 4B1.1(b), he would be in category VI regardless. Based on the offense level of 33 and the criminal history category of VI, the Guidelines range was 235 to 293 months.

The PSR noted Donner's unstable childhood (for example, his removal to foster care for one year), his early exposure to drugs and violence in his "urban" neighborhood, and his history of substance abuse. DE 75, PSR, Page ID 435–36. The probation officer suggested "a possible downward variance due to the nature and circumstances of the offense." *Id.* at 444. The PSR also noted that, among defendants convicted with a similar primary offense, the average length of imprisonment was 181 months and the median length 188 months. Donner raised no objections to the PSR.

Donner submitted a sentencing memorandum seeking the district court's consideration of various mitigating factors in sentencing, including Donner's acceptance of responsibility, his intent to make better decisions in the future, his early exposure to drugs and violence, his struggles with substance abuse, his family support, and his completion of a GED while incarcerated in 2021.

At the sentencing hearing, the district judge acknowledged that he had reviewed both the PSR and Donner's sentencing memorandum and that there were no objections to the PSR. After calculating the Guidelines range, the court asked defense counsel whether he had any objection to

the court's calculation, and defense counsel answered no. Defense counsel argued for a downward variance of approximately five years, referencing the same personal factors as in the sentencing memorandum, asserting that the average sentence for similar defendants was 181 to 188 months' imprisonment, and emphasizing Donner's good conduct in detention. Donner also spoke and highlighted his good conduct in detention and his intent to do better in the future.

The district court imposed a low-end Guidelines sentence of 235 months' imprisonment. The court recited the facts, which again referenced the start of the conspiracy as June 2021. In terms of the 18 U.S.C. § 3553(a) balancing factors, the court placed weight on Donner's "lengthy" criminal history, which began at age 17 and involved several instances of drug trafficking and unlawful firearm possession, as well as violence. DE 93, Sentencing Tr., Page ID 548. In particular, the court focused on Donner's 2013 convictions for robbery and possession of a weapon under a disability, where he and a codefendant had robbed and assaulted a victim. The court also weighed the fact that Donner was under a criminal justice sentence when he committed the instant offense. On the other hand, the court acknowledged Donner's "difficult upbringing," including his time in foster care, his childhood in an "urban" neighborhood with exposure to drugs and violence, his "issues with drug use," his strong family support, his good conduct in detention, and the fact that the average imprisonment for similar defendants was 181 months and the median length was 188 months. *Id.* at 549–51, 552. Even so, the district court also weighed his criminal record "replete with firearms and violence" and "the fact that he was on supervision or has been on supervision any number of times and has not done well and continues to violate while being placed on probation." *Id.* at 551. The court referenced Donner's 2022 conviction for failure to comply with an order or signal of a police officer, which also involved drug charges, and the fact that within six months of that conviction Donner had violated his probation. The court also noted

his 12 conduct reports while incarcerated previously. The court concluded that "[m]ost of the opportunities that he's had . . . on supervision[] have not gone well," and that Donner had "been given numerous opportunities to modify his behavior" with no result. *Id.* at 551, 552. Finally, the court emphasized the seriousness of the fentanyl epidemic, its effect nationally and locally, and Donner's contribution by trafficking "kilograms, not small amounts." *Id.* at 552–53. The court determined that short sentences had been insufficient to deter Donner from reoffending or to protect the community. Donner timely appealed.

II.

We review both procedural and substantive reasonableness challenges for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). But where, as here, the defendant raises his procedural challenge for the first time on appeal, we review that procedural challenge for plain error. *United States v. Vonner*, 516 F.3d 382, 392 (6th Cir. 2008) (en banc). On the other hand, regardless of whether presented to the district court, we review substantive reasonableness challenges for abuse of discretion. *United States v. Sherrill*, 972 F.3d 752, 769 (6th Cir. 2020).

III.

A.

Donner argues that the district court improperly calculated his criminal history score for two reasons, which is best understood as a procedural error argument. *See United States v. Thompson*, 586 F.3d 1035, 1037 (6th Cir. 2009); *United States v. Caballero-Lazo*, 788 F. App'x 1014, 1015 (6th Cir. 2019). A district court may commit procedural error by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to

consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51.

Donner raises two purported errors with his criminal history calculation on appeal: (1) Donner's overt acts in furtherance of the conspiracy did not begin until March 2022, thus disqualifying two prior convictions and sentences as outside the ten year period under § 4A1.2(e)(2); and (2) per Amendment 821 of the Guidelines, Donner should have received only one, not two, points for being under a criminal justice sentence at the time of the instant offense under § 4A1.1(d).

Donner failed to raise either of these arguments before the district court. At his change of plea hearing, he admitted under oath the accuracy of the prosecution's factual recitation, which stated that the conspiracy began in June 2021. He did not object to the PSR's inclusion of the two convictions as within the ten year period, nor the assessment of two points for being under a criminal justice sentence. He did not raise either argument in his sentencing memorandum or during his sentencing hearing, where the district court cited June 2021 as the start of the conspiracy. In response to the *Bostic* question, counsel stated only "[w]e would make a *Bostic* objection," which was too general a statement to apprise the district court of any of these unmentioned procedural challenges. *See United States v. Bostic*, 371 F.3d 865, 871 (6th Cir. 2004) ("A party 'must object with that reasonable degree of specificity which would have adequately apprised the trial court of the true basis for his objection.'" (quoting *United States v. LeBlanc*, 612 F.2d 1012, 1014 (6th Cir. 1980))); *United States v. Simmons*, 587 F.3d 348, 358 (6th Cir. 2009) (plain error applies "where a party answers the *Bostic* question . . . at such a high degree of generality that the district court has no opportunity to correct its purported error"); *see also United States v. Sanders*, No. 22-4051, 2024 WL 21573, at *2 n.1 (6th Cir. Jan. 2, 2024). We thus review for plain error.

*United States v. Tobias*, 101 F.4th 473, 480 (6th Cir. 2024); *United States v. Taylor*, 627 F.3d 1012, 1017 (6th Cir. 2010).

A defendant shows plain error when "(1) the district court committed a procedural error that he did not waive; (2) that the error is clear or obvious; and (3) that it affected his substantial rights." *Tobias*, 101 F.4th at 480. An error affects substantial rights where there is "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Greer v. United States*, 593 U.S. 503, 507–08 (2021) (quoting *Rosales-Mireles v. United States*, 585 U.S. 129, 134–35 (2018)). An error in the Guidelines calculation that results in a higher range than the Guidelines provide will usually satisfy this standard. *Rosales-Mireles*, 585 U.S. at 139. If the defendant meets those three conditions, this court will reverse only when "the error had a serious effect on 'the fairness, integrity or public reputation of judicial proceedings.'" *Greer*, 593 U.S. at 508 (quoting *Rosales-Mireles*, 585 U.S. at 135).

First, with respect to the inclusion of the prior convictions, the district court did not err. In calculating a defendant's criminal history score, a defendant receives points for any "prior sentence that was imposed within ten years of the defendant's commencement of the instant offense." U.S.S.G. § 4A1.2(e)(2). Donner argues those two prior sentences were not imposed within ten years of March 2022. But he misconstrues the term "commencement of the instant offense." That includes "any relevant conduct" as defined by § 1B1.3. *See id.* § 4A1.2 cmt. n.8. In the case of a conspiracy, relevant conduct includes "all acts and omissions of others that were" (1) within the scope of the conspiracy, (2) in furtherance of the conspiracy, and (3) reasonably foreseeable in connection with the conspiracy, and "that occurred during the commission of the offense of conviction, in preparation of that offense, or in the course of attempting to avoid detection or responsibility for that offense." *Id.* § 1B1.3(a)(1)(B). Here, the indictment and PSR indicate that

the five codefendants, including Donner, were involved in a drug trafficking conspiracy beginning in June 2021. Donner never objected to the factual allegation that the conspiracy began in June 2021—he admitted to that fact as part of his plea colloquy and raised no objection to that fact in his PSR. He also swore under oath at the change of plea hearing that he had discussed with his counsel the evidence against him and that he had had adequate time to do so. "A defendant can admit to facts" by "pleading guilty to criminal charges or failing to object to asserted facts in a PSR." *United States v. Spates*, 162 F. App'x 592, 595 (6th Cir. 2006) (citing *United States v. Burgin*, 388 F.3d 177, 182 (6th Cir. 2004), *cert. denied* 544 U.S. 936 (2005); *United States v. Stafford*, 258 F.3d 465, 475–76 (6th Cir. 2001)). Here, Donner did both, and his repeated "failure to raise any sort of challenge in the proceedings below operates as an admission" to the fact that the drug trafficking conspiracy began in June 2021. *See Stafford*, 258 F.3d at 476. The indictment's recounting of specific acts that Donner committed in March and May 2022 in furtherance of the conspiracy is insufficient to contradict Donner's admission that the conspiracy—and his participation therein—began in June 2021. DE 92, Hr'g Tr., Page ID (admitting at the change of plea hearing that "beginning on or about . . . June of 2021 . . . [Donner] and the others listed in the indictment . . . did knowingly and intentionally combine, conspire, confederate and agree together . . . to distribute and possess with intent to distribute" 400 grams or more of fentanyl and 500 grams or more of methamphetamine); DE 93, Sentencing Tr., Page ID 547 (stating "[t]he codefendants were involved in a drug conspiracy from June of 2021 to approximately August of 2022"); *see Fields v. United States*, No. 3:17-CV-088-TWP, 2019 WL 922355, at *4 (E.D. Tenn. Feb. 22, 2019); *United States v. Sepulveda*, No. 4:14CV280, 2014 WL 7410105, at *4 (N.D. Ohio Dec. 31, 2014); *see also United States v. Deitz*, 577 F.3d 672, 699 (6th Cir. 2009); *Powell v. United States*, No. 20-1782, 2021 WL 613416, at *3 (6th Cir. Jan. 4, 2021)

(order).  Nor is there any evidence in the record disputing that the conspiracy began in June 2021, rendering any error neither clear nor obvious.  *See Simmons*, 587 F.3d at 365.

Second, with respect to the addition of two points for committing the instant offense while under a criminal justice sentence, the district court did not err.  Donner argues Amendment 821 to the Guidelines, effective November 1, 2023, and effective retroactively February 1, 2024, means he should have received only one criminal history point for being under a criminal justice sentence.  *See News Release, U.S. Sentencing Commission Votes to Allow Retroactive Sentence Reductions and Announces Its Next Set of Policy Priorities*, U.S. SENTENCING COMM'N, https://www.ussc.gov/about/news/press-releases/august-24-2023 (Aug. 24, 2023).  To begin, Donner must first petition the district court for a sentence reduction, rather than raise the issue on direct appeal of his sentence.  *See id.* ("[C]ourts can begin considering petitions for sentence reductions and could order a reduced term of imprisonment effective February 1, 2024 or later.").  And further, Donner cannot avail himself of Amendment 821, as the reduction is only applicable if it would lower the defendant's Guidelines range.  U.S.S.G. § 1B1.10(a)(2)(B).

Indeed, neither the inclusion of the three points for prior convictions nor the application of Amendment 821 would lower Donner's Guidelines range.  The PSR designates Donner as a career offender, thus automatically applying the criminal history category of VI.  *Id.* § 4B1.1(b).  Moreover, even deducting the four points from Donner's current score of 17, Donner's criminal history score would be 13, which still keeps him in category VI and would not reduce his Guidelines range.  Even if the district court erred, it did not affect Donner's substantial rights.  *See Rosales-Mireles*, 585 U.S. at 139.  We hold there was no plain error in the calculation of Donner's Guidelines range.

B.

Donner argues that the district court abused its discretion in imposing a low-end Guidelines sentence of 235 months' imprisonment because it was greater than necessary to punish and deter him. *See United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). Donner asserts the district court abused its discretion by refusing to implement a downward variance of approximately five years, as the court (1) placed too much weight on Donner's "improperly scored" criminal history, (2) ignored the probation officer's suggestion of a downward variance, (3) placed too little weight on the fact that, for similarly convicted defendants, the average length of imprisonment was 181 months and the median length 188 months, and (4) placed too little weight on Donner's early exposure to drugs and violence, difficult childhood, and substance abuse struggles. CA6 R. 25, Appellant Br., at 19–25.

A district court abuses its discretion in imposing a sentence "if the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Mahbub*, 818 F.3d 213, 232 (6th Cir. 2016) (quoting *United States v. Camiscione*, 591 F.3d 823, 832 (6th Cir. 2010)). If the sentence imposed is within the Guidelines range, as it is here, we may apply a presumption of reasonableness. *Gall*, 552 U.S. at 51; *Vonner*, 516 F.3d at 389. Similarly, where a district court chooses to apply the Guidelines, "doing so will not necessarily require lengthy explanation." *Vonner*, 516 F.3d at 387 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)); *cf. Tobias*, 101 F.4th at 481 (acknowledging that while the Guidelines are not mandatory, a "district court *must* consider the advisory Guidelines range" (quoting *United States v. Fowler*, 819 F.3d 298, 304 (6th Cir. 2016) (emphasis in original))). Our review at this stage is deferential, and we may only determine "whether the sentence is reasonable," not "whether

in the first instance we would have imposed the same sentence." *United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006).

Donner fails to rebut the presumption of a reasonable sentence; instead, Donner merely "asks us to balance the factors *dif[f]erently* than the district court did." *See id.* We reject his request. The district court considered each of the mitigating factors that Donner raised but rejected them as bases for a downward variance, considering the seriousness of the offense and Donner's consistent probation violations, multiple instances of reoffending, and series of firearm-related offenses. "Given the thoroughness of the district court's consideration of the sentencing factors" and Donner's failure to "identify any argument that he raised and the district court failed to address," we will not disturb the district court's reasonable sentence. *See id.*

Donner insists that the district court placed too much weight on his "improperly scored criminal history." CA6 R. 25, Appellant Br., at 22. True, "old convictions may drive up the Guidelines range in a manner that makes the range inappropriately high under the circumstances," *see United States v. Macario-Ramirez*, Nos. 23-1180/1183, 2024 WL 209179, at *3 (6th Cir. Jan. 19, 2024) (collecting cases), but that did not occur here. As discussed above, the district court did not err in calculating Donner's criminal history score. Further, "[d]istrict courts enjoy 'broad' and 'largely unlimited' flexibility in the information they can consider at sentencing." *United States v. Dentmond*, No. 23-1558, 2024 WL 2186324, at *3 (6th Cir. May 15, 2024) (quoting *United States v. Graham-Wright*, 715 F.3d 598, 601 (6th Cir. 2013)). Where such information, as here, has "some evidentiary basis beyond mere allegation," the sentencing court may properly consider it. *United States v. Johnson*, 732 F.3d 577, 583 (6th Cir. 2013) (quoting *United States v. Moncivais*, 492 F.3d 652, 659 (6th Cir. 2007) (emphasis omitted)); *see also United States v. Pierce*, No. 23-1554, 2024 WL 1994919, at *3 (6th Cir. May 6, 2024) (noting that this court has "often

upheld the substantive reasonableness of sentences that relied on the defendant's criminal history," even though it has already been counted in the initial Guidelines calculation, "when justified by the facts of the case" (citing *United States v. Trejo*, 729 F. App'x 396, 399 (6th Cir. 2018); *United States v. Dunnican*, 961 F.3d 859, 881 (6th Cir. 2020))).

Finally, Donner claims the district court erred by refusing to impose a downward variance in line with the 181 to 188 months' imprisonment for similar defendants. But sentencing "is tailored to the individual, and a deviation from the national mean is insufficient to overcome the presumption of reasonableness for a within-Guidelines sentence." *United States v. Foster*, No. 23-3400, 2024 WL 1134685, at *3 (6th Cir. Mar. 15, 2024). Nor is the probation officer's vague suggestion of a "possible" downward variance sufficient to overcome that presumption.

IV.

For the reasons stated above, we affirm Donner's sentence.